Goldsmith v. Fuller.

SAMUEL GOLDSMITH ET AL. V. W. A. FULLER ET UX.

[FILED OCTOBER 14, 1890.]

1. **Husband and Wife**: CREDITOR'S BILL.   In a creditor's bill brought to subject certain real estate conveyed by a husband to his wife, the proof clearly established the fact that the consideration which paid for the real estate was derived from the separate estate of the wife, but that the title was taken in the name of the husband under a parol agreement to convey to her on demand.   The court below having found in favor of the wife, *held*, that the judgment was supported by the clear weight of evidence.

2. ———: ———.   *Held*, That the proof failed to show that the creditor had relied upon the husband being the owner of the property in extending certain credit.

ERROR to the district court for Valley county.   Tried below before TIFFANY, J.

*Nightingale Bros.*, for plaintiffs in error.

*Wall & Bradley, contra.*

MAXWELL, J.

This is an action in the nature of a creditor's bill brought by the plaintiffs against the defendants, to subject

certain real estate held by Eliza Fuller to the payment of the plaintiffs' judgments. The defendants are husband and wife, and the conveyance was made directly by the husband to his wife. There is a stipulation of facts in the record as follows:

"And now come the plaintiffs by Nightingale Bros., their attorneys, and the defendant Eliza Fuller by her at-. torneys, Wall & Long, and stipulate and agree that the following facts are true and shall be received in evidence in said cause, to-wit:

"1. That said plaintiffs are partners doing business under the firm name of Goldsmith, Stein & Co.

"2. That at the February term of the county court of said county, on, to-wit, the — day of February, 1887, said plaintiffs recovered a judgment against Josephine R. Fuller, E. S. Fuller, and the defendant W. A. Fuller in the sum of $339.59 and $5.60 costs, and that said judgment is still in full force and wholly unpaid.

"3. That a certified transcript of said judgment was on February 11, 1887, duly filed and docketed in the district court of Valley county, Nebraska, and that on February 12, 1887, plaintiffs caused an execution to be issued on said judgment, which was delivered to the sheriff of said county, to-wit, W. B. Johnson.

"4. That said sheriff, for want of goods and chattels of Josephine R. Fuller, E. S. Fuller, and the defendant W. A. Fuller whereon to levy, levied said execution, by instructions of plaintiffs, upon the real estate described in said petition as the property of said W. A. Fuller, defendant, on February 14, 1887, and on February 17, 1887, duly advertised said property to be sold under said execution upon the 19th day of March, 1887, at one o'clock P. M.; that said real estate was not sold by said sheriff on said day for the reason that the legal title to said premises appeared of record in the defendant Eliza Fuller.

"5. That said defendant Eliza Fuller is the wife of the

defendant W. A. Fuller, and the said E. S. Fuller is the son of the defendant W. A. Fuller, and the said Josephine R. Fuller is the daughter-in-law of the defendant W. A. Fuller and the wife of E. S. Fuller; and each of said co-judgment debtors, to-wit, Josephine R. Fuller, E. S. Fuller, and W. A. Fuller, is insolvent, and said W. A. Fuller is unable to pay said judgment debt unless the real property so levied upon is applied to the payment of the same.

"6. That on December 18, 1886, the defendant W. A. Fuller made and delivered a deed of conveyance of the real estate, in plaintiff's petition described, to the defendant Eliza Fuller by deed of general warranty.   *   *   * That though said deed recites a consideration of $2,000, no consideration actually passed or moved from said Eliza Fuller, to her husband, the said W. A. Fuller at the time of said transfer, nor subsequent thereto.

"7. That on August 4, 1886, defendant W. A. Fuller signed, executed, and delivered to plaintiffs' three notes as follows, to-wit: one for $318.32, due November 1, 1886; one for $318.32, due January 1, 1887; and one for $318.32, due March 1, 1887; each drawing interest at ten per cent per annum from March 24, 1886; that said notes were signed by said Josephine R. Fuller and E. S. Fuller as principal makers, and by said W. A. Fuller as surety, and were given to secure an extension upon indebtedness then due these plaintiffs.

"8. That at the time said notes were signed by defendant W. A. Fuller, and said extension of time so given to the said Josephine R. Fuller and the said E. S. Fuller, the said Josephine R. Fuller was conducting a general retail mercantile business in the town of Arcadia, Valley county, Nebraska, and was the owner and in possession of a store and stock of goods.

"9. That on November 15, 1886, the first of said above mentioned notes was paid in full.   That prior to the maturity of the second note, all of the property of the said

Josephine R. Fuller was seized under writs of attachment
at the suit of divers creditors of said Josephine R. Fuller,
and was ultimately sold to satisfy the judgments obtained
by said creditors.

"10. That prior to these transactions, on, to-wit, the
25th day of November, 1884, while the defendants were
residing in the state of Iowa, the defendant Eliza Fuller
conveyed to her husband, the defendant W. A. Fuller, by
deed of general warranty, certain real property situated in
the town of Eldora, Hardin county, and state of Iowa, of
the value of $2,500.    *    *    *

"11. That the said real property situate in Eldora, Har-
din county, state of Iowa, was on January 27, 1886, ex-
changed for the real property in plaintiffs' petition de-
scribed, situated in North Loup, Valley county, Nebraska,
and a deed of general warranty was made and delivered by
J. G. Corey and wife, of North Loup, property in which
the defendant W. A. Fuller is named as grantee.    *    *    *
That said deed from said Corey to said W. A. Fuller was
entered in the numerical index of Valley county, Nebraska,
and filed for record on February 26, 1886, and was re-
corded in book 5, at page 616, of deed record of said
county.    That the title to the property in plaintiffs' peti-
tion described was placed and vested in defendant W. A.
Fuller, with the knowledge and consent of the defendant
Eliza Fuller.                                    .

"12. That defendant Eliza Fuller was, prior to Novem-
ber 25, 1884, possessed of a separate estate, and is pos-
sessed of a separate estate at the present time, and is now
conducting a business in her own name in Arcadia, Valley
county, Nebraska, as a married woman trader.

"13. That there was no instrument of record in Valley
county, Nebraska, showing that defendant Eliza Fuller
had any interest in the real property described in plaint-
iff's petition, other than that of wife of said W. A. Fuller,
until the recording of the deed from said W. A. Fuller to

said Eliza Fuller of the said premises, on December 24, 1886.

"14. That on May 3, 1887, plaintiffs recovered a judgment, as in plaintiffs' supplemental petition alleged, against defendant W. A. Fuller, and Josephine R. Fuller, and E. S. Fuller in the sum of $353.67, and $5.85 costs, in county court of said county, and that the same was duly filed and docketed in the district court of said county on May 26, 1887.

"15. That said last mentioned judgment was obtained upon the third note described in paragraph 7 of this stipulation, for the sum of $318.32 and interest at 10 per cent per annum from March 24, 1886, and that the same is still in full force and unpaid.

"Nightingale Bros.,
"*Attorneys for Plaintiffs.*
"Wall & Long,
"*Attorneys for Defendants.*"

In addition, the testimony of a number of witnesses is preserved in the record. This testimony will be referred to when discussing the correctness of the judgment.

The court made special findings in the case and rendered judgment as follows:

"Now on this 23d day of May, A. D. 1888, this cause coming on to be heard on the petition and supplemental petition of the plaintiffs, and upon the separate answer of Eliza Fuller and the reply of the plaintiffs thereto, plaintiffs appearing by their attorneys, Nightingale Bros., and the defendant herself and by her attorneys, Wall & Long, and after hearing the testimony of both the plaintiffs and the defendant, and the stipulation of facts filed herein, as a finding of facts in said cause, the court finds specially as follows, to-wit:

"First. That the real property mentioned in plaintiffs' petition was deeded by direct conveyance from her husband W. A. Fuller to the defendant Eliza Fuller.

"Second. That said transfer was so made without any actual consideration moving from the said Eliza Fuller to her husband at that time or subsequent thereto.

"Third. That the notes, which were the foundation of judgments, were signed and delivered prior to the conveyance of said real estate to said Eliza Fuller by W. A. Fuller, but that the judgments thereon were obtained subsequent to said conveyance.

"Fourth. That no instrument or agreement in writing was ever made between Eliza Fuller and W. A. Fuller creating or declaring a trust except the deeds in evidence. *   *   *

"Fifth. That the signature of W. A. Fuller to said notes was obtained as additional security to the notes of E. S. Fuller and Josephine R. Fuller, the consideration therefor being an extension of time on said notes. At the time of granting such extension of time the plaintiffs had examined the records of Valley county, Nebraska, and knew that the legal title to said property was in the defendant W. A. Fuller, and relied upon such knowledge in accepting W. A. Fuller as security.

"Sixth. That W. A. Fuller did not represent to plaintiffs that he was the owner of said real estate.

"As a conclusion of law the court finds:

"First. That the property in controversy was never the property of defendant W. A. Fuller; that he held it simply in trust for the defendant Eliza Fuller and her heirs. *   *

"Second. That having declared the trust prior to the attaching of any specific lien of plaintiffs, her equities were superior to those of plaintiffs. *   *   * It is therefore ordered, considered, and adjudged that the action of the said plaintiffs be dismissed, and that the defendant Eliza Fuller go hence without day and recover her costs."

One of the attorneys for the plaintiffs testifies that before an extension of time was granted to the defendant's son, for which W. A. Fuller became surety, he inquired of

W. A. Fuller if he was the owner of the real estate in controversy, and that he (Fuller) assured him that he was; and that, relying upon such assurance, he had consented to an extension of the time of payment. W. A. Fuller, in his testimony, denies that the attorney in question ever made any inquiry of him as to the ownership of the property.

All the testimony tends to show that the property in controversy was purchased and paid for out of the wife's separate estate, and there is no doubt that the title was taken in the name of the husband under an agreement with his wife that he would reconvey to her upon demand. Considerable stress is laid by the plaintiffs upon this being an oral agreement and hence could not be enforced. Whether such would be the case between the parties or not we need not now stop to inquire, as a deed has been made in pursuance of the alleged contract. No doubt if a wife places her property in the hands of her husband, and permits him to deal with it as his own and to exercise acts of ownership over the same, as by the sale or exchange of portions thereof, and he is permitted to use the same as a basis for credit, and contract debts upon the faith of his ownership thereof, the equity of the creditors will be superior to that of the wife. This was the rule established in *Roy v. McPherson*, 11 Neb., 197, and *McGovern v. Knox*, 21 O. St., 547: "That he who, having a right or an interest, by his conduct influences another to act on the faith of its non-existence, or that it will not be asserted, shall not be allowed to afterwards maintain it to his prejudice."

The proof upon the point that the plaintiffs relied upon the ownership of the property by the defendant is denied by other testimony, and is not established; but even if it was, it is doubtful if the proof shows that W. A. Fuller was authorized or did deal with the property as his own. There is no error in the record and the judgment is

AFFIRMED.

THE other judges concur.