JOHN WEIS, JR., APPELLANT, V. JOHN W. FARLEY ET AL., APPELLEES.

FILED DECEMBER 7, 1906.    No. 14,559.

Evidence examined, and *held* to justify the decree.

APPEAL from the district court for Boone county: JAMES N. PAUL, JUDGE. *Affirmed.*

*J. S. Armstrong, A. E. Garten* and *J. M. Armstrong,* for appellant.

*H. C. Vail* and *W. W. Thompson, contra.*

DUFFIE, C.

John Weis, a judgment creditor of John W. Farley, brought this action to subject certain property claimed by Mary J. Farley, Frank M. Ryner and Osborn Patterson to the payment of his judgment. His bill was dismissed by the district court, and he has appealed. He makes no complaint of the decree so far as it dimisses his bill against Ryner and Patterson, his whole complaint being that the evidence demands a decree subjecting the property claimed by Mrs. Farley to the payment of his judgment. Some time after her marriage in Michigan,

Mrs. Farley received $700 from her father's estate. This money she loaned to her husband, or at least it was used in moving from Michigan, and in securing and improving a homestead in Boone county, Nebraska. The testimony is undisputed that, in consideration of this loan, the husband was to deed her 80 acres of the homestead. This was not done, but a timber claim adjoining the homestead was later purchased, the title taken in the name of Mr. Farley, who held it about two years and then conveyed to his wife through a third party. This conveyance, it is claimed, was made in consideration of the money loaned by Mrs. Farley to her husband, but, even if that were not the case, it appears quite clearly from the evidence that Farley, at that time, was not so badly indebted as to render ''e conveyance invalid, even if we regard it as a gift. This timber claim was later traded for a stock of boots and shoes, the ownership of which was vested in the husband, he giving to his wife a note for a little more than $1,700 on account of her ownership of the land traded for this stock. Later the stock of boots and shoes was traded for a stock of hardware, and about the time that Weis obtained his judgment against John W. Farley he conveyed the hardware stock to his wife by bill of sale in payment of the $1,700 note. It is this stock of hardware which is sought to be subjected to the payment of the plaintiff's judgment. A careful reading of the evidence convinces us that Farley was indebted to his wife in the amount claimed, that the timber claim was conveyed to her on account of such indebtedness, that she assented to the sale of her timber claim for the stock of boots and shoes, taking her husband's note for $1,700 for her interest in the land, and that the note has not been paid, except by transfer to her of the stock of hardware in controversy in this suit. Being a creditor of her husband, she had the same right as any other creditor to secure payment of the indebtedness, and fraud cannot be predicated upon such a transaction.

The decree of the district court is well supported by the evidence, and we recommend its affirmance.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.