JOHNSON COUNTY, APPELLEE, V. CHRISTENA E. TAYLOR,
APPELLANT; KEMPER, HUNDLEY & MCDONALD DRY
GOODS COMPANY ET AL., APPELLEES.

FILED SEPTEMBER 26, 1910.　No. 16,129.

1. Creditors' Bill: HUSBAND AND WIFE: ESTOPPEL. The husband, while
holding the title to the property of his wife, became surety upon
the depository bond of a bank, justifying in the sum of $10,000.
Before the approval of the bond, the county commissioners caused
investigation to be made as to his financial standing and worth
in an adjoining county in which he resided, and received a favor-
able report. They were also informed by the county clerk that
he held real estate in the county where the bank was situated,
that being the county wherein the bond was filed. But the com-
missioners were not informed as to what particular land was in
the name of the surety, nor its value. The commissioners tes-
tified that in approving the bond they relied upon the ownership
by the husband of land in the county, as well as upon his affi-
davit of justification, and the report from the adjoining county.
Held, by a majority of the court, that these facts estopped the
wife to claim that the land was her separate property, even
though the same were true.

2. Trusts: HUSBAND AND WIFE: RIGHTS OF CREDITORS. "Where a hus-
band uses the money of his wife in paying for land, the title to
which he takes in his own name, a trust will arise in favor of
the wife, which a court of equity will protect against the hus-
band's creditors, unless it is made to appear that such creditors
gave the husband credit on the faith of his being the actual owner
of the property of the wife, the title to which was in his name."
Hews v. Kenney, 43 Neb. 815.

APPEAL from the district court for Johnson county:
LEANDER M. PEMBERTON, JUDGE. Affirmed as to Johnson
county and reversed as to the other appellees.

S. P. Davidson and F. L. Dinsmore, for appellant.

Hugh La Master and Jay C. Moore, contra.

REESE, C. J.

This action, in the nature of a creditors' bill, was
brought by the county of Johnson, as plaintiff, against

the principal defendants Christena E. Taylor and Frank A. Taylor, her husband, together with certain judgment creditors, the object and purpose of which is to set aside two deeds to the east half of the southeast quarter and the southwest quarter of the southeast quarter of section 5, in township 4 north, of range 12, in Johnson county, excepting 3 acres, described in the petition. The conceded facts in the case are that in the fall of 1895 defendant Christena E. Taylor, then the wife of Frank A. Taylor, received from her deceased father's estate the sum of $6,000, and in the spring of 1896 she received the further sum of $350 from the same source, making a total of $6,350 of her private individual means.   With this money, or a major portion of it, she, through her husband acting as her agent, purchased a farm in Johnson county, he taking the title in his own name, but without her knowledge.   Later on she sold the land so purchased, and on December 9, 1898, bought the land here in dispute, her husband acting for her, when he again took title in his own name, but without her knowledge, and caused the deed to be recorded.   Later, when she learned that the title to the land was in the name of her husband, she, by consultation with an attorney and others and with him, sought to have the land conveyed to her, but, for some reason, she did not succeed, the subject apparently having been dropped, and the record title remained in the name of her husband.   On or about the 10th day of January, 1902, and while the title to the land in dispute remained in the name of Frank A. Taylor, of record, the Chamberlain Banking House became a depository of the funds of Johnson county, and defendant Frank A. Taylor became one of the sureties upon the depository bond of said bank, but of which defendant Christena had no knowledge.   The bank having failed, suit was brought upon the bond September 2, 1902, which resulted in a judgment in favor of the county and against Frank A. Taylor and others for the sum of $7,109.75.   Said judgment was rendered June 19, 1906.   The deed to Frank A. Taylor bears date December

9, 1898, and was filed for record on the 31st of the same month. The defendant Frank A. Taylor owned lands in Nemaha county upon which he and his family resided. At the time of the failure of the bank Frank A. Taylor was absent from the state and in the state of Idaho. Upon his return home he was intercepted at Tecumseh on his way by the financial officers of the county and their attorney, and informed of the failure of the bank, and an arrangement was made by which his wife was to be brought across the line from their home in Nemaha county and the claim of plaintiff secured. She with her husband met the county officers at night at the home of Mr. Armsted, when by an agreement among and between the parties Taylor conveyed 80 acres adjoining the 80-acre homestead in Nemaha county to his wife, and the two executed a mortgage to plaintiff upon all the land, both in Nemaha and Johnson counties. This meeting was held on the 2d day of September, 1902, and before the rendition of the judgment upon the depository bond. There is no doubt of the *bona fides* of Mrs. Taylor's claim that the property in dispute was purchased with her individual means. There is also no doubt of the right of her husband to convey and of hers to receive the title to her land, unless the facts hereinafter referred to created an equitable estoppel against her.

Much is said in the briefs and was presented in the oral argument at the bar of this court as to what occurred at the home of Mr. Armsted upon the night of the conveyance of the Nemaha county land from Frank A. Taylor to his wife, defendant herein. It is clear that Mrs. Taylor was suffering under very great excitement on that occasion, she having been induced to cross the county line without more than 30 minutes' notice, and meet the county officers and their attorney without any knowledge of what her husband had done, and with no one to advise her as to the course she ought to pursue. The fact of her great mental perturbation is clearly established by all the witnesses who testified upon that subject,

including plaintiff's attorney then present and directing
the management of the county's interest. The mortgage
referred to as having been executed to the county is not
found in the bill of exceptions, but is frequently referred
to in the evidence and briefs, and it is insisted in the brief
of the county that defendant "is estopped by reason of her
giving the mortgage to the county." After the rendition
of the judgment, and while the mortgage executed by the
Taylors was in force, this suit was instituted by the
county to cancel the deeds made by the husband to the
wife after the execution of the mortgage. It is the opinion
of the writer hereof that at the time of the commencement
of this action plaintiff might have pursued either of two
remedies—foreclosed the mortgage, or instituted this ac-
tion; that by pursuing the latter all rights under the
mortgage are waived, and it has no legal or binding force
or effect and that it is not entitled to any consideration
in this case. This, however, is not decided, as it is the
opinion of the other members of the court that the ques-
tion is not before us.

As we all view this case, the controlling question is
whether or not the fact that the title to the land was per-
mitted to stand in the name of the husband works an
estoppel as against defendant and in favor of the county.
This question arises upon the effect to be given to the tes-
timony of the county commissioners as to what occurred
at the time of the approval of the depository bond by
them. It was known by them that Frank A. Taylor, one
of the sureties, was a resident of Nemaha county. The
county clerk, or his deputy, was instructed to write to
some of the county officers of Nemaha county for the pur-
pose of ascertaining the financial condition of Taylor.
This was done and a favorable answer was received,
Taylor having justified in the sum of $10,000. The clerk
also reported that Taylor had land in Johnson county,
and upon the strength of his affidavit the report from
Nemaha county, and the report of his ownership of land
in Johnson county, the bond was approved, but none of

the commissioners knew just what land was in his name in Johnson county, nor its value. It appears that their knowledge in that behalf was that he was a "landowner" in that county, but they did not know of what particular tract nor of the value of the land the title to which was in his name, but they were informed by the county clerk that he had 120 acres of land in the precinct in which the land was located. He made no representations upon that subject. Was that knowledge sufficient to warrant the commissioners in approving the bond upon the reliance of his ownership and solvency? There can be no question but that had the commissioners, either by themselves or another authorized to act for them, examined the records, learned as to the exact location of the land and its value, and acted and relied upon that information, defendant could not now question the liability of the property for the payment of the debt, the credit being given upon the faith of his ownership. It is the opinion of the majority of the court, but not concurred in by the writer, that the proof of the examination made and information obtained by the commissioners was sufficient to show their reliance upon the ownership of real estate in the county by Taylor, and that the decree of the district court in favor of the county should be affirmed.

Among others named in the petition as defendants were the Kemper, Hundley & McDonald Dry Goods Company, and the Turner, Frazer Mercantile Company, who were brought in as judgment creditors of Frank A. Taylor. They filed their joint answer and cross-petition setting up that on the 5th day of March, 1908, the Kemper, Hundley & McDonald Dry Goods Company recovered a judgment in the district court for Johnson county against the Chamberlain Banking House and the defendant Frank A. Taylor for the sum of $937, and the Turner, Frazer Mercantile Company at the same time and in the same court recovered a judgment for $489, and their costs. Sufficient facts are alleged to show that the judgments were duly and legally rendered and are unpaid and un-

satisfied, each remaining in full force and effect. It is further averred that on the 14th day of November, 1905, and for more than 5 years prior thereto, the said Frank A. Taylor was the owner and in the possession of the lands involved in this action, describing them, and that on said day the defendant Frank A. Taylor "wrongfully, unlawfully and fraudulently conveyed said property without any consideration therefor, and solely for the purpose of hindering, delaying and defrauding his creditors in the collection of their claims against him, to Christena E. Taylor, the wife of said Frank A. Taylor, and the said defendant Frank A. Taylor and the defendant Christena E. Taylor, combining, conspiring and confederating together, made said unlawful, wrongful and fraudulent conveyance and transfer, each with full knowledge and each with the intent and purpose of defrauding the creditors of said Frank A. Taylor," etc. The answer and cross-petition designates the conveyance herein above referred to as in plaintiff's petition, and attack the same as fraudulent. Other averments are made, similar in most part to those contained in plaintiff's petition, and they join in the prayer that the conveyances may be set aside and canceled, the property declared to be that of Frank A. Taylor, and subject to the payment of their judgments. The decree of the district court was in their favor, and the land declared subject to their judgments, with right to issue execution and sell the same. There is no averment, nor is there any proof in the record, that the cross-petitioners were in any way misled or deceived by the condition of the title to the land. There is no suggestion in the cross-petition as to the original foundation or basis of the judgments, nor any suggestion that the petitioners relied upon the state of the title as shown by the records. The demand for relief is bottomed on the one averment that the conveyance to Christena was a general fraud and conspiracy on the part of herself and husband to defraud his creditors. Unless the decree was upon the assumption that the deed from Taylor to his

wife of the 80 acres of land in Nemaha county, and the execution of a chattel mortgage to her upon the chattel property of Taylor, was a full satisfaction of her claim to the land in Johnson county and released her equity therein, both having been made at the suggestion of plaintiff on the night of September 2, 1902, at the home of Armsted and under the circumstances disclosed, we are quite unable to see how or why that part of the decree was entered. The chattel mortgage was to secure the ostensible sum of $1,400. It was, in fact, dated the 3d day of September, but was clearly a part of the transaction of the night of the 2d which continued until about midnight. The mortgage was never foreclosed, nor was possession of the property taken under it. Mrs. Taylor never received the proceeds of it in any way, and it is clear that she was alone as clay in the hands of the potter on that night. As we have said, the land in Johnson county, now involved in this suit, was hers and hers alone, and, so far as she and her husband and his general creditors were concerned, the land was held for her by her husband. Unless some estoppel is shown against her she is entitled to it under many decisions of this court. It is unnecessary and unimportant to inquire whether there was a resulting trust, or whether her husband was indebted to her. In either event her property should not be taken from her and given to the general creditors of her improvident husband. *Goldsmith v. Fuller*, 30 Neb. 563; *Hews v. Kenney*, 43 Neb. 815; *National Bank of Commerce v. Chapman*, 50 Neb. 484; *Cleghorn v. Obernalte*, 53 Neb. 687; *Dunn v. Bozarth*, 59 Neb. 244; *Weis v. Farley*, 77 Neb. 729.

The decree of the district court in favor of Johnson county is affirmed. Those in favor of Kemper, Hundley & McDonald Dry Goods Company, and Turner, Frazer Mercantile Company, are reversed and their cross-petition dismissed at their costs.

JUDGMENT ACCORDINGLY.

FAWCETT, J., concurs in the opinion as written.