CAROLINE G. BOYCE, PLAINTIFF IN ERROR, V. PETER BERGER, DEFENDANT IN ERROR.

One Boyce purchased certain lands at tax sale, and afterwards received tax deeds therefor; B. purchased the lands at sheriff's sale, and afterwards promised orally to pay an agent of Boyce the principal and ten per cent interest for the amount paid at the tax sale Boyce surrendered nothing, and nothing was done under the agreement. *Held,* That it could not be enforced.

ERROR to the district court for Nemaha county. Tried below before POUND, J.

*J. H. Broady* and *T. L. Schick*, for plaintiff in error. A past consideration or a moral obligation is a sufficient consideration for a promise. 1 Pars. on Cont., 471–2 and note d. *Gleason v. Dyke*, 22 Pick., 393. Payment of taxes was a moral obligation resting on defendant. Payment by plaintiff was for his benefit. *Pettit v. Black*, 8 Neb., 62. *Iler v. Colson*, 8 Neb., 331. *Wood v. Helmer*, 10 Neb., 65. See also *Wells v. Mann*, 45 N. Y., 327. *Hudson v. Busby*, 48 Mo., 35. *Pittson v. Noyes*, 48 N. H., 294.

*Stevenson & Murfin*, for defendant in error. The transaction is within the statute of frauds. *Rose v. O'Linn*, 10 Neb., 367, and cases cited. *Parker v. Crane*, 6 Wend., 648. See also *Lewis v. Simons*, 1 Handy, 82. *Updike v. Titus*, 13 N. J. Equity, 151. *Tooley v. Windham*, Cro. Eliz., 206. *Mills v. Wyman*, 3 Pick., 207.

MAXWELL, CH. J.

This is an action to recover upon an alleged verbal promise to repay money paid for lands purchased at tax sales. The plaintiff alleges in her petition that in the year 1875 she purchased at private tax sale certain real estate in Nemaha county for the taxes of 1871, 1872, and 1873, and also paid the taxes due on said lands for the year 1874, and that said lands were not redeemed, and that after the expiration of two years from the date of said sale she received a tax deed therefor in due form, which was afterwards recorded. That on the 3d day of June, 1874, the defendant received a deed of said premises from the sheriff of said county, and thereby became the owner of said premises subject to all taxes and liens thereon. That by reason of irregularities in the assessment and proceedings there was doubt as to the validity of her tax deeds and the rights of the plaintiff, and on the 6th day of

May, 1878, the plaintiff and defendant mutually agreed to compromise said claims, the defendant verbally promising to pay her the amount expended in purchasing said land and in payment of taxes thereon, together with ten per cent interest, etc. This agreement is denied in the answer. There are other allegations in the petition which we do not deem it necessary to notice, as the plaintiff must recover, if at all, under the issue upon the promise above set forth. On the trial of the cause the court found "that defendant promised the plaintiff's agent to pay plaintiff the amount which plaintiff has paid out for taxes on the land mentioned in the petition, but that said taxes were void and not a lien on said land, and that the defendant was not personally liable to pay said taxes, nor were they a charge on said land at the time of said promises, and that the defendant's promises were without consideration, and find as a conclusion of law that the defendant is not liable on said promises," etc.

The prevention of litigation is a sufficient consideration to support a mutual compromise of claims, and a court will not inquire into the relative value of the claims for the purpose of setting the same aside where no undue means have been used to obtain in settlement. 1 Parsons on Contr. (5th ed.), 438–9, and cases cited. 1 Smith's L. C. (6th Am. ed.), 552.

A parol agreement of compromise which has been executed is of equal effect with one in writing. But it will scarcely be contended that a mere verbal agreement to compromise, not founded on any consideration or under which no right has been surrendered, possesses such validity. The waiver or abandonment of one right may be a sufficient foundation for the acquisition of another. But what right has the plaintiff abandoned in this case? There is not a particle of testimony tending to show that she has assigned or offered

28

to assign her right, or convey her title derived from the tax deeds and payment of taxes, to the defendant. If the plaintiff, in pursuance of the alleged compromise, had conveyed her interest in the premises to the defendant, and he had accepted such conveyance, he would be compelled to pay the consideration agreed upon. And the contract being fairly made in settlement of a doubtful claim valid on its face, the court would not enquire whether any, or what title, passed by the conveyance. But the deeds being valid upon their face, thereby cast a cloud upon the defendant's title, and it is not sufficient merely to introduce testimony tending to show their invalidity. The plaintiff must show a performance upon her part of the terms of the alleged compromise, and this she has failed to do. She still retains her tax deeds and whatever rights she may have obtained under them, and also her claims for taxes paid in 1874. Whether the defendant can defeat such tax deeds by refusing to pay his taxes after he obtained a sheriff's deed for the land, and apparently had possession thereof, and permitting the land to be sold and obtaining tax deeds subsequent to the plaintiff, is a question not before the court. The finding of the court that the plaintiff's tax deeds are void, is entirely unauthorized by the pleadings. A judgment is conclusive only as to the matters directly in issue, and is not evidence of any matter which came collaterally in question. The question at issue is the existence of the compromise, not the validity of the tax deeds; but as such finding might operate to the prejudice of the plaintiff in an action under her deeds, it is set aside. As in our opinion the plaintiff has failed to establish the essential facts to entitle her to recover, the judgment must be affirmed.

JUDGMENT AFFIRMED.