HENRY KELLER, PLAINTIFF IN ERROR, v. JOHN KELLER, DEFENDANT IN ERROR.

1. **Account Stated.** The *prima facie* presumption is in favor of an account which has been stated by the parties, and as a general rule it will not be disturbed unless there was fraud or mistake in the settlement which is established by clear proof.

2. ————: EVIDENCE. Where there has been a settlement of accounts between parties, and a promissory note given by one of them for the amount found due, the burden of proof is on the maker of the note to show that the settlement did not include debts owing to him from the adverse party.

ERROR to the district court for Clay county. Tried below before WEAVER, J.

*Hayes & Taggart* and *W. P. Shockey*, for plaintiff in error.

*Hurd & Matters*, for defendant in error.

MAXWELL, J.

This is an action upon a stated account, and the defense a denial and plea of set-off. On the trial of the cause the jury returned a verdict in favor of the defendant. The principal error relied upon is, that the verdict is against the weight of evidence and law of the case.

It appears from the evidence that the parties are brothers; that they settled in Clay county in 1873, the plaintiff at least taking a homestead. Another brother named Gotfried had settled in that county also, and the three seem to have assisted each other in the cultivation of their land, and had mutual dealings. In 1878 a settlement was had, and a balance found due the plaintiff from the defendant, who, it is claimed, thereupon executed a note to the plaintiff for the sum of $317.59, due in four years, without interest. The plaintiff claims that this note was surrendered to the defendant a few days after its execution, upon his promise to pay one-half of the face value thereof out of his share of an estate that he was about to receive. All the testimony tends to show that there was a settlement between the parties as claimed by the plaintiff, and the execution of the note by the defendant to the plaintiff. There is also, testimony which tends to show that this note was given for the balance due the plaintiff. The defendant in his evidence admits the execution and delivery of the note, but claims that it was given without consideration. All the charges in the alleged set-off, except $10.50 for three sacks of flour, are for matters existing prior to the settlement.

The *prima facie* presumption is in favor of an account which has been stated by the parties, and the general rule is that it will not be disturbed except for fraud or mistake in the settlement which is established by clear proof. *Valentine v. Valentine*, 2 Barb. Ch. R., 430. *Stenton v. Jerome*, 54 N. Y., 480. *Lockwood v. Thorne*, 11 N. Y.,

170. And the burden of proof is upon the party denying the correctness of the account. *Chappedelaine v. Dechenaux,* 4 Cranch, 306. *Kennedy v. Goodman,* 14 Neb., 585. Where, however, fraud or mistake is shown, the settlement will to that extent be considered as having been made upon mistake or imposition, and the omissions or mistakes will be corrected.

In this case there is no allegation in the answer of fraud or mistake in the settlement. It is denied that there was a settlement, but in this it is clearly proved to be untrue. The burden of proof is upon the defendant, therefore, to show that his account then due was not taken into consideration in the settlement. If the plaintiff had been indebted to the defendant at that time, as he claims, it is not very probable that he would have executed a promissory note to the plaintiff for the amount found due to him. The issues seem to have been made up by the parties under a misapprehension as to the evidence, hence the real questions in the case—those relating to the stated account—were not fairly submitted to the jury. This may be remedied in another trial. As the verdict is against the clear weight of evidence a new trial must be awarded.

REVERSED AND REMANDED.

THE other judges concur.