## PHILIP DUNN V. HARRIET BOZARTH ET AL.

FILED NOVEMBER 9, 1899.　No. 8,984.

1. **Trial:** RECEPTION OF EVIDENCE. The reception of evidence tendered by the defendant after a decision against him on a demurrer to plaintiff's evidence is not error.

2. ———: AMENDMENT OF ANSWER: NEW DEFENSE. It is within the discretion of the court to permit a defendant, during the course of the trial, to amend his answer so as to present a new defense.

3. ———: ———: ———: CONTINUANCE. In such case, the plaintiff, if not prepared to meet the new issue, may have a continuance of the cause, upon such terms as the court may deem just.

4. ———: ———. On facts set forth in the opinion, *held* that an amendment to the answer was properly made, and became part of the record in the case.

5. **Rules of Trial Court:** JUDICIAL NOTICE: REVIEW. This court will not take judicial notice of the rules of practice of the district court. To be considered, such rules must be made a part of the record.

6. **Pleading:** INCONSISTENT DEFENSES: ELECTION: WAIVER. Where an amended answer presents inconsistent defenses, the appropriate remedy is to require defendant to elect upon which defense he will proceed. If there be no motion to require an election, the objection that inconsistent defenses are presented will be waived.

7. **Husband and Wife:** FRAUDULENT CONVEYANCES. A husband may transfer property to his wife in payment of a debt due her, provided it is not done with intent to hinder, delay or defraud his creditors; and even though he be guilty of fraud in the matter, such transfer will be valid, if the wife was ignorant of, or did not participate in, the fraudulent purpose of her husband.

8. ———: WIFE'S CLAIM AGAINST HUSBAND: ENFORCEMENT. A wife may enforce her just claims against her husband on the same terms, except as to the *quantum* of proof, as other creditors. In such case she must show that the debt was genuine, that her purpose was honest, and that she acted in good faith in obtaining payment.

9. ———: CREDITORS OF HUSBAND: RIGHTS OF WIFE: ESTOPPEL. Where credit was not obtained on the faith of property conveyed by an insolvent husband to his wife, there is, in an action by a creditor, no basis for an estoppel against her assertion of ownership of such property.

ERROR from the district court of Gage county. Tried below before LETTON, J. *Affirmed.*

*J. E. Cobbey* and *G. M. Johnston,* for plaintiff in error.

*George A. Murphy, contra.*

SULLIVAN, J.

This action, in substance a creditors' bill, was brought by Philip Dunn against the defendants in error to annul a conveyance alleged to be fraudulent as to creditors, and to subject the property conveyed to the lien of plaintiff's judgment against John C. Bozarth. The district court found generally in favor of the defendants, and rendered a decree dismissing the petition. Among the errors assigned are some relating to questions of practice, which have been so frequently decided that we think it sufficient to say here that they have been considered and overruled.

The events in which this litigation had its origin may be sketched as follows: The Bozarths, who are husband and wife, formerly lived in Illinois. In 1878 Mrs. Bozarth received from her father's estate $3,000, which was turned over to her husband, and mixed with his funds. In 1883 they removed to Nebraska, and settled in Gage county. The same year the land, which is the subject of this suit, was bought by Bozarth and W. H. Tichnor. The title was taken in the name of the purchasers, but there was at the time an arrangement to the effect that Mrs. Bozarth, who protested against the investment, should be paid, from the proceeds of a resale, the money previously advanced to her husband, or else be given a deed to the property. In 1885 Mrs. Bozarth received $1,000 from the estate of a deceased brother, and in 1890 she received $4,500 from the sale of a farm in Illinois. Both of these sums were turned over to Mr. Bozarth, and used by him in his business. In July, 1893, Tichnor con-

veyed his interest in the land here in question to John C. Bozarth, who, on the 28th of the same month, transferred the title to his wife. In August, 1892, Tichnor purchased for himself and Bozarth a ranch in Kansas which was incumbered by mortgages to the amount of $9,000. These mortgages, among which was one for $2,000 in favor of the plaintiff, Philip Dunn, became, by the terms of the deed of conveyance, a personal charge against the purchasers. Out of this transaction came eventually a deficiency judgment, which is the basis of this suit. The petition filed by the plaintiff in this action is, except in one particular, in the usual form. The answer denies the material averments of the petition, and alleges that Mrs. Bozarth was the equitable owner of the property from the time of its purchase in 1883, and that the legal title thereto was held by Bozarth in trust for her.

On the trial of the issues raised by the pleadings there was a demurrer to plaintiff's evidence, on the ground that it was insufficient to warrant a decree in his favor. The court overruled the demurrer, and then, over objection, permitted the defendants to introduce their proofs. This ruling is the subject of complaint, but we do not hesitate to approve it. If it be doubtful whether the plaintiff is, on his own showing, entitled to succeed in the action, we see no good reason why the defendant may not, without risking a forfeiture, submit the question to the court before presenting his defense. The practice of challenging, by demurrer, the legal efficiency of the plaintiff's evidence tends to shorten trials, and to avoid unnecessary expense. In the interest of the public, as well as of the litigants, it ought to be encouraged rather than repressed. See 2 Thompson, Trials, sec. 2270.

During the progress of the trial the defendants asked leave to amend their answers to show "that monies arising from the separate estate of Harriet Bozarth, subsequent to the purchase of the land, was used by John C. Bozarth, her co-defendant and husband, and that it was repaid in the transfer of the property in controversy to

her in the year 1893, in addition to the consideration originally paid out of her separate estate and put in said land." The application to amend was resisted on the ground that the proposed amendment was inconsistent with the claim that Mrs. Bozarth was the equitable owner of the property. The court overruled the objection, sustained the application, and offered to postpone the trial so that plaintiff might prepare to meet the new issue. The offer to allow a continuance was not accepted; and the trial proceeded with the understanding that the amendment to the answer should be reduced to writing and filed at the noon recess. It is now asserted by the plaintiff that the answer was never actually amended, and that he, therefore, continued to try the case on the assumption that defendants had determined to proceed upon the theory that Mrs. Bozarth was the original owner of the land, and not on the theory that she had acquired it by purchase from her husband. It seems the amendment was prepared pursuant to the direction of the court, but was not at any time during the trial physically attached to the answer. The evidence, however, tends to show that it was placed with the answer among the files, and the court evidently found that to be the fact, for it afterwards directed the amendment to be made a part of the record. It is now contended that, under the rules governing procedure in the first district, the defendants are, by their conduct, precluded from relying on the amendment. The rules are not in the record. We do not take judicial notice of their existence, and consequently can not consider them. While the amendment was, of course, irregularly made, we can not say, under the circumstances, that the court erred in ordering it to be brought into the record as part of the answer. We see nothing to indicate that the cause was actually tried by the parties on different theories, and we think counsel for the plaintiff could, without any extraordinary diligence or alertness, have discovered the attitude of the court and the trend of the trial. They did not

trouble themselves to make any inquiry in regard to the amendment, and did not, by any specific objection to the introduction of evidence, or in any other manner, suggest to the court the idea that it was proceeding on a false assumption, and trying an abandoned issue. The court apparently found that, if there was any misunderstanding in regard to the condition of the pleadings, the fault was in a large measure chargeable to the plaintiff; and, with this view of the matter we are entirely satisfied. There was no reversible error in allowing the amendment, nor in the subsequent rulings in relation thereto. Conceding that the amended answer presented inconsistent defenses, the appropriate remedy was a motion to require an election between the two. The court did not compel the plaintiff to go to trial on both issues.

The finding in favor of the defendants on the merits is, we think, supported by sufficient evidence. The testimony clearly establishes the fact that Bozarth was indebted to his wife, and the conclusion is justified that the debt was satisfied by the transfer to her of the land in controversy. In other words, the court was warranted in finding that the transaction was a sale, and not a gift. This being so, the conveyance was valid as against Bozarth's creditors, unless the parties intended thereby to hinder, delay or defraud such creditors in the collection of their claims. There was direct and positive evidence that there was no such purpose. Some circumstances, it is true, tend to show that Bozarth was endeavoring to place his property beyond the reach of Dunn's judgment, but there is no very cogent proof that Mrs. Bozarth participated in, or knew of, her husband's design. There was ample ground for the conclusion that she received the property with the honest purpose of protecting herself. A wife may enforce her just claims against her husband on the same terms as other creditors. She must, of course, show affirmatively the genuineness of the debt due to her and the good faith of the transaction by which payment is obtained; but that being done, her rights are

not different from those of ordinary creditors.  See *Cleghorn v. Obernalte*, 53 Nebr., 687.

A further contention of the plaintiff is that Mrs. Bozarth is estopped from asserting her claim, because her husband obtained credit on the faith of his ownership of the land.  To this argument two answers may be made: First, Bozarth was the legal and equitable owner of the property, and we assume that the trial court so found; second, the evidence shows conclusively that Dunn never extended credit to Bozarth on any basis.  The judgment is right, and is

AFFIRMED.