## MANOWITZ v. GAENSLEN.

(Court of Civil Appeals of Texas. San Antonio. Jan. 10, 1912.)

1. APPEAL AND ERROR (§ 773*)—BRIEFS—FILING.

An appeal will be dismissed for appellant's unexplained failure to file briefs until six days before the submission of the case on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3104, 3108–3810; Dec. Dig. § 773.*]

2. APPEAL AND ERROR (§ 773*) — DELAY IN FILING BRIEFS—DISMISSAL—REHEARING OF MOTION.

Where a motion to dismiss an appeal for appellant's failure to file briefs within the proper time was denied, upon sworn answer of ap-

---

pellant's counsel that there was an oral agreement waiving the filing of briefs, appellee's counsel may, upon motion for rehearing, controvert the sworn answer upon a showing that they were without the county, and did not learn of the filing of the answer until their return after the denial of the motion.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 773.*]

3. STIPULATIONS (§ 6*) — STIPULATIONS OF COUNSEL—RULES.

An oral stipulation of counsel, if undisputed, will be enforced, despite the rule requiring stipulations to be in writing, but, if disputed, the court will not determine whether there was such a stipulation, but will disregard it.

[Ed. Note.—For other cases, see Stipulations, Cent. Dig. §§ 5–13; Dec. Dig. § 6.*]

Appeal from District Court, Bexar County; J. L. Camp, Judge.

Action between M. I. Manowitz and George R. Gaenslen. From a judgment for the latter, the former appeals. On motion to dismiss appeal. Appeal dismissed.

C. L. Bass and G. O. Brown, for appellant.

JAMES, C. J. [1] In this case appellee on December 8, 1911, filed a motion to dismiss the appeal for the reason that appellant delayed filing briefs until six days before the case was set for submission. No briefs had been filed in the district court, and none were filed here until as above stated. The appellee's counsel complained of this, as not allowing them reasonable opportunity to prepare and file briefs at the submission of the case. The motion would have been sustained for the reasons stated in Krisch v. Richter, 125 S. W. 935, but for the fact that appellant's counsel by answer, under oath, stated that there was an oral agreement and waiver concerning the filing of appellant's briefs; and this statement, not being controverted, led us to overrule the motion to dismiss. Now counsel for appellee in a motion for rehearing show that they had no knowledge of the filing of the sworn statement of appellant's counsel, that they were out of the county at the time and obtained notice of same upon their return, which was just after the court had overruled their motion to dismiss.

[2] In the present motion for rehearing counsel for appellee emphatically deny under oath any such agreement. If this denial had been before us at the time, we would not have entered the former order refusing to dismiss the appeal. Appellee's counsel, having satisfactorily excused their failure to controvert the same in time, may be now heard to do so by their motion for rehearing.

[3] Rule for the government of the court requires agreements to be in writing to be enforceable. The spectacle we have here of counsel contradicting each other as to the existence of an agreement illustrates, better than we can otherwise do, the reason why the rule was adopted. If counsel make an oral agreement, it ought to be respected by the court, if it is not disputed, and if the business of the court is not unduly embarassed by it. But we cannot be called on to determine the merits of an issue of this kind.

The agreement not being in writing and being the subject of dispute, we shall follow the rule, and grant the motion to dismiss the appeal for undue delay in filing appellant's briefs.