## No. 9867.

### THE MOGOTE-NORTHEASTERN CONSOLIDATED DITCH CO. *v.* GALLEGOS.

Decided November 8, 1920.

On motion to strike bill of exceptions.

*Motion denied.*

1. PRACTICE—*Oral Stipulations.* An oral stipulation cannot be enforced in case a dispute arises between the parties as to its terms.

2. APPEAL AND ERROR—*Bill of Exceptions—Waiver.* Whenever an attorney approves a bill of exceptions and permits it to be allowed without making the objection that it is too late, he will be regarded as waiving that objection and consenting to the allowance.

Mr. RALPH L. CARR, for plaintiff in error.

Mr. JAMES P. VEERKAMP, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE defendant in error moves to strike out the bill of exceptions because it was not presented to the court below within the time allowed by that court.

It appears by affidavits filed in this court that the attorneys for the respective parties had some conversations as to extension of time for presenting the bill of exceptions, but they do not agree as to what those conversations were.

We cannot try a question of veracity of attorneys as to their oral agreements made out of court nor correct their misunderstandings. If they trust to such uncertainties and do not take the prescribed and certain methods of written stipulations or regular orders made upon notice or appearance, they must understand that each is relying solely on the other and that in case of dispute the stipulation cannot be enforced.

In this case, then, we must take the record as it stands

before us.

The extended time expired June 5th, 1920, and on the 22nd of June the attorney for the plaintiff in error presented the bill of exceptions and transcript of record to the attorney for the defendant in error at Monte Vista, with the following notice:

"To James P. Veerkamp, Esq., Attorney for the plaintiff above named:—I hereby submit to you for approval or correction the record and bill of exceptions in the above entitled cause.                       Ralph L. Carr,
                       Attorney for Defendant."

Upon the face of this notice is the following memorandum, in the handwriting of the attorney for the plaintiff below:

"This Record and Bill of Exceptions correctly states the proceedings in the trial of this case   6/22—1920.
                       James P. Veerkamp,
                       Attorney for Plaintiff."

The attorney for the defendant took the record and bill of exceptions bearing this notice and memorandum to the Judge at Del Norte and the bill was thereupon approved.

If the plaintiff's attorney desired to object to the signing of the bill, he should have added to his memorandum the statement that he objected to the signing because it was too late, as in *Bell v. Murray,* 13 Colo. App. 217, or have gone before the court with his opponent and objected there. This case in all essentials is like the case of *E. I. Dupont &c. Co. v. Smith,* 249 Fed. 403, and differs very little from the case of *Hoover v. Shott,* 68 Colo. 385, 182 Pac. 883.

The court cannot, without consent, allow a bill of exceptions after both the 60 days mentioned in S. L. 1911, p. 10, and any extended time granted within said 60 days have expired.   *Ransom v. Holland,* 66 Colo. 420, 182 Pac. 885; but we think that whenever an attorney approves a bill of exceptions and permits it to be allowed without making the objection that it is too late, he should be regarded as waiving that objection and consenting to the allowance.   See *R. G. S. R. R. Co. v. C. F. & I. Co.,* 41 Colo. 3, 7-8.   Such a rule is fair to all parties, tends to prevent disaster to liti-

gants through fraud or misunderstanding and is the reasonable interpretation of the approval or the statement that the bill correctly states the proceedings. See *Rose v. Agricultural D. Co.,* decided at the present term.

The motion to strike the bill of exceptions should be denied. There is a suggestion of diminution but the denial of the motion to strike makes it unnecessary to consider it.

MR. JUSTICE TELLER, sitting for MR. JUSTICE SCOTT.

MR. CHIEF JUSTICE GARRIGUES and MR. JUSTICE TELLER concur.