OTHO STUART, APPELLEE, V. HERBERT TORREY, APPELLANT.

FILED JULY 15, 1921. No. 21732.

1. **Pleading:** VARIANCE. Where the plaintiff's cause of action is based upon a running account, and the answer pleads a full and complete settlement, and the reply is a general denial, the issues presented by such pleadings are the correctness of the account and the settlement thereof; and a finding and judgment on such pleadings that "there was an unintentional mistake made by plaintiff and defendant in the computation of their several accounts when making settlement" *held* not to be sustained by the pleadings, and a material variance from the issues presented by the pleadings.

2. **Compromise and Settlement:** PLEADING: BURDEN OF PROOF. The presentation and auditing, from time to time, of accounts by parties having business dealings and transactions with each other, and the making of new notes for the balances and the surrender of old notes given and payment of the last note given constitute

Stuart v. Torrey.

a settlement between the parties. And where suit is brought by the maker of the notes on an account between the same parties covering the same period of time, and settlement of the item sued upon is alleged by the giving of notes by the plaintiff, the plaintiff must allege that the items sued for were not included in the settlements made, and the burden of proof is on the maker of the notes to show that the settlements did not include debts owing to him from the adverse party.

3   Evidence examined, and *held* not to sustain the judgment.

APPEAL from the district court for Dawson county: HANSON M. GRIMES, JUDGE. *Reversed.*

*John A. Miller* and *J. M. Fitzgerald,* for appellant.

*H. M. Sinclair* and *W. A. Stewart, contra.*

Heard before MORRISSEY, C.J., FLANSBURG and ROSE, JJ., DICKSON and TROUP, District Judges.

DICKSON, District Judge.

This action was commenced and tried in the county court of Dawson county, appealed to the district court, and there tried by the court without a jury. The plaintiff below, appellee herein, charged in his petition that, from May 13, 1913, until about the 26th day of March, 1919, he continuously dealt with and had business relations with the appellant, defendant below, in the buying and selling of horses and cattle, corn, feed and seed, and that during each year he performed work and labor for the defendant at his request, and the defendant performed work and labor for the plaintiff. Plaintiff further alleges that no settlement of the alleged running account between him and defendant was ever made, and, as an excuse for overpaying the defendant, he alleges that the defendant falsely and fraudulently represented to him that he owed him large sums of money in excess of what was actually due, which he paid. The petition contains an itemized statement of the account, including debits and credits, and prays for an accounting and judgment thereon. By agreement it appears from the judgment of the court that the case was tried in the district court upon the answer

Stuart v. Torrey.

and reply filed in the county court. The answer of the defendant admits the dealings with the plaintiff during the times set forth in plaintiff's petition, and avers that each year he made final and full settlement with the plaintiff for every item that he owed the plaintiff, and that their settlements included items due the defendant from the plaintiff; that many items set forth in plaintiff's account are inaccurate and incorrect, but that all items of the account between plaintiff and defendant which were justly due to either one or the other were fully settled; that on the 29th day of March, 1919, he settled fully and entirely with plaintiff for everything that was owing by defendant to plaintiff, and everything that was owing by plaintiff to defendant, and that in such settlement the plaintiff owed the defendant $440, which was paid by plaintiff. The reply of the plaintiff was a general denial. The case was tried on the 11th day of June and taken under advisement until the 23d day of June, and on that day judgment was entered by the court against the defendant for $564.50, the court finding that "there was an unintentional mistake made by plaintiff and defendant in the computation of their several accounts when making settlement, and that plaintiff, by reason thereof, overpaid the defendant the sum of $564.50." A motion for a new trial was filed, in which the judgment was attacked for the reason the same was not supported by sufficient evidence, was against the evidence, and that the same was contrary to law. This was overruled, and an appeal taken to this court.

From a careful reading of the record in this case it appears that the first transaction between the parties was the purchase of a team of horses by plaintiff from defendant for $120 in May, 1913. The next transaction was in 1914, the renting of a farm by plaintiff from defendant. From that time on, and up until 1918, the parties had numerous transactions, in which the plaintiff purchased from the defendant grain of different kinds, also other articles of personal property, and performed

and exchanged work and labor with defendant; the defendant performing for and exchanging work and labor with the plaintiff. The first alleged and claimed settlement between the parties was in 1914. During that year the plaintiff purchased from the defendant a team of horses, work was performed on both sides, and a note was taken for some $300. This note included the note for $120, given for the team purchased in 1913, and the interest thereon, the note for $120 being surrendered to the plaintiff. The next settlement was on April 23, 1915, when the plaintiff gave to the defendant his note for $276 and received his 1914 note. They next settled on March 23, 1916, and on that date the plaintiff gave to the defendant his note for $365, that being the amount then due after allowing all credits, and the note of April 23 was surrendered to plaintiff. In January following, another settlement took place, the plaintiff giving the defendant his note for $930. Later, August 4, 1917, this note was taken up and surrendered to the plaintiff, and he gave the defendant his note for $900, the difference, $30, being on account of a transaction in relation to the sale of one team and the purchase of another whereby the plaintiff had an agreed credit of $30. On February 22, 1918, the plaintiff gave the defendant his note for $397.80; that being the amount then due the defendant. Some time later there was a horse transaction between them whereby the plaintiff's indebtedness to the defendant was increased to the extent of $50, and later the plaintiff gave to the defendant his note for $447.80 and received the note for $397.80, and by agreement dated the last named note for $447.80 as of the date of the note for $397.80. When the note for $397.80 was given, the plaintiff was moving away from the farm he had rented from defendant, and the note for $447.80 was given after he had moved. The giving of this last note ended the dealings between them except the payment of this note; payment being made on March 29, 1919, and the note being surrendered to the plaintiff.

There is no dispute between plaintiff and defendant

as to the giving of these notes, and they both testify that when the notes were given settlements were made, and the trial court in effect so found. It also found that plaintiff would at these times present his accounts, the defendant also presenting his demands, and that they were examined by the parties and the amount due ascertained and a new note taken for the balance and the old note surrendered. The plaintiff in his testimony tells of the final settlement between him and Torrey and the payment and settlement of the last note for $447.80. It seems that plaintiff was at Torrey's place helping him, staying there until he moved, and at that time Torrey figured up his credits and put them on the back of the note, as well as charging the plaintiff with certain items that he owed; both parties believing and intending this to be a full and final settlement.

A careful reading of the evidence in this case convinces the writer that, at the time of the giving of the several notes, the parties audited their accounts and agreed on the amount that the plaintiff owed, and that the payment of the last note for $447.80 was in final settlement of their transactions. There is an absolute failure of proof in the record of fraud, error, or mistake in the alleged settlements between the parties. In a review of the evidence, we are mindful of the fact that the trial judge had a much better opportunity to determine the facts than we have; but it is our duty to examine the record and enter judgment as we find the facts to be. After a careful and studied examination of the record, we have reached the conclusion that the finding by the trial court that there was "an unintentional mistake made by the plaintiff and defendant in the computation of their several accounts when making settlement" is not sustained by the evidence. To read the record is to be convinced. The parties agree that they met once a year, or thereabouts; that they had their accounts before them, and that debits and credits were demanded, given, and refused, resulting in the giving of a new note for the ascertained balance and the sur-

render of the old note. The law favors and encourages settlements, and in the absence of fraud, error, or mistake, they should not be set aside. The record conclusively shows a meeting of the parties, a presentation, examination and adjustment of their accounts, the making of new notes for the found balance and the surrender of the old ones. Such acts constitute settlements. The notes reflect but a part of the transactions, yet they were given to evidence the amount due. To set aside their deliberate acts six years thereafter ought to require more than a mere suspicion of error. If such settlements are to be set aside by a single stroke of the pen, no man will be safe until the statute of limitations has run in his behalf. The plaintiff's cause of action was based upon a running account covering a period of nearly five years; the defendant by his answer admits having dealings with plaintiff during this time, but charges that his account, as set forth in the petition, was not complete, and as a defense alleges a settlement of all the items sued for and others not included therein. The plaintiff, not only in his reply, but in his petition, denies the alleged settlements, so that we have presented by the pleadings a suit upon an account, a plea of settlement, and a denial thereof. The rule is well settled in this state that fraud or mutual mistake cannot be shown under a general denial in a reply to an answer pleading settlement. *Gandy v. Wiltse,* 79 Neb. 280. Appellee, in a way, admits that the judgment is not sustained by the pleadings, but insists that the parties should be restricted in this court to the theory upon which the cause was tried in the court below (this rule being announced by this court many times), and he says: "But the issue tendered by the answer was an account stated, settled, and paid. This issue was not tried. As before stated, both parties went into their business transactions from beginning to end and tried the question of debits and credits arising thereon regardless of the issue tendered by the answer." The record, in some respects, justifies this statement by coun-

sel for the appellee in this: That some incompetent, irrelevant and immaterial evidence was received by the court without objection. If the record disclosed the fact, as claimed by appellee, that the entire business transactions from beginning to end between the parties had been tried out in the action regardless of the issues tendered by the pleadings, and without objection, then, without doubt, both parties would be bound by the record in this court. But an examination of the record shows to the contrary. The plaintiff first offered evidence of such items of his account as it was agreed between the parties were in dispute, and rested. The defendant, without objection, offered evidence in contradiction of the disputed items in the plaintiff's account. After so doing, the record shows that, during the examination of the defendant Torrey, the plaintiff admitted owing him $100, paid by him to plaintiff's corn huskers, also for a quarter of beef, $17.50; neither being shown as credits due the defendant. At this state of the record, the defendant stated he had his bills for corn and feed furnished to the plaintiff, and the defendant then offered to show that, in addition to his credits admitted, he furnished corn and hay to the plaintiff which were not included in the credits given in by him. Whereupon, the plaintiff objected to this offer for the reason it was incompetent and immaterial, and not an issue in the case, and not within the pleadings and questions raised between the parties. This objection was by the court properly sustained. It is therefore evident from the record that the business transactions from the beginning to the end were not tried, and that the court tried the case on the pleadings as made, and that the bars were not thrown down and the case tried without regard to the pleadings, as contended by the appellee. The court, when objections were made, restricted the parties to the issues as made by the pleadings. Having done so, it was error to render judgment on an issue not involved and without the pleadings. Such a judgment must be set aside.

This court said in *Traver v. Shaefle*, 33 Neb. 531, 548: "There is no more inflexible rule of law than that, to sustain a verdict or judgment, the pleadings and the proof, *allegata et probata*, must agree." The record conclusively shows that many of the items of debit and credit were included in the notes given by the plaintiff, and that the account sued upon covers the same period of time that the notes did.   In no place in the record does the plaintiff pretend to point out and show what items of credit, if any, were not included in the balances evidenced by his notes.   Under such circumstances, the presumption is that all the items of debit and credit existing between the parties at the time of the giving of the notes were included, and before the plaintiff can recover on any of the alleged items he must allege that the items sued for were not included in the settlements made, and the burden of proof is on the maker of the notes to show that the settlements did not include debts owing to him from the adverse party. *Keller v. Keller*, 18 Neb. 366.   The plaintiff not only failed to make such allegations in either his petition or reply, but absolutely failed in his proof.   A further consideration of the assigned errors is unnecessary.

It follows, for the reasons given, that the judgment is reversed and the cause remanded.

REVERSED.