FEDERAL FARM MORTGAGE CORPORATION, APPELLEE, V.
FRANK B. HUGHES ET AL., APPELLANTS.

291 N. W. 475

FILED APRIL 5, 1940. No. 30768.

*A. R. Oleson,* for appellants.

*Moodie & Burke, William W. Graham, Philip N. Johnston, Philip M. Wellman* and *Franklin L. Pierce, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

EBERLY, J.

We copy the following from appellants' brief as the accepted statement of the issues determined, as claimed by them, viz. :

"This is an appeal from an order of confirmation in the sale of land under an attachment proceeding and the judgment rendered therein. * * *

"(b) *The Issues Actually Tried in the Court Below*

"That the price bid for this land, being $1,644.85, for 320 acres of highly improved land in Cuming county, was so inadequate to its value that in conscience and fair dealing the sale should not be confirmed.

"Also that the (district) court could not hear this matter at the time it did, because under its rules, which provide, 'Cases in which issues are joined subsequently to the second day of the term shall be for trial at any adjourned or special term, or session of the court, upon service of a trial notice of at least ten days, but this shall not apply to cases triable by jury, unless a jury may be in attendance at such time.'

"That the regular terms of court in Cuming county for 1939, are April 3d and October 2d. * * * The appellants herein submitted their objections upon the record in the case. This record shows that the appraisers under the levy of the order of attachment, with the sheriff, fixed the value of 320 acres of land at $24,000.00. * * *

"The (district) court overruled the objections of these appellants and ordered the sale confirmed and deed issued to the purchaser."

The errors now presented are, that, (1) the (district) court erred in proceeding with hearing this matter over the objections of appellants under rule XV of the district court; (2) that the (district) court erred in overruling the objections of these appellants and in confirming this sale upon the record in this case.

The "record," as referred to, consists of, viz.: Order of Attachment, Return on Order of Attachment (by sheriff), Order of Sale on Attachment, Return to Order of Sale on Attachment, Objections to Confirmation, Order of Confirmation, Notice of Appeal.

It appears that no bill of exceptions has been settled in this proceeding, and the final judgment entered in the main action does not appear as part of the transcript. It is plain that the first objection presented by appellants may not be sustained. There is no bill of exceptions, and rule XV of the rules of the district court for Cuming county is not before us for consideration.

"The rules of practice in a district court, alleged to have a material bearing on the rulings complained of, before they can enter into a determination of a question presented in this court, must be incorporated in the bill of exceptions." *Jones v. Cleary,* 2 Neb. (Unof.) 541, 89 N. W. 386. See, also, *State v. Scott,* 59 Neb. 499, 81 N. W. 305.

"This court will not take judicial notice of the rules of practice of the district court." *Dunn v. Bozarth,* 59 Neb. 244, 80 N. W. 811.

Nor are we impressed with the challenge to the sale as made by the sheriff. Fraud is not claimed, and a presumption of regularity and validity attaches to the judgments of courts, which must be overcome by affirmative proof. In the present case, the district court properly had before it all proceedings in the case, including the final judgment entered therein, and was advised of the recitals contained in the written instruments in suit which had been introduced in evidence on the trial had of the merits. True, as part of the sheriff's return in this case, there is an appraisement wherein the "following described property" is appraised at

the sum of $24,000. This appraisement is made pursuant to section 20-1008, Comp. St. 1929, wherein the officer levying an attachment is required to secure the making of "a true inventory and appraisement of all the property attached." But this appraisement is neither limited to the net value of the interest of the attachment debtors nor is such interest therein required to be separately appraised.

Attached property shall be sold under the same restrictions and regulations as if the same had been levied on by execution. Comp. St. 1929, sec. 20-1033; *Helmer v. Rehm,* 14 Neb. 219, 15 N. W. 344.

It follows that the validity of a sheriff's sale in the instant case must be based upon the actual or net value of the defendants' interest in the lands sold. *McKeighan v. Hopkins,* 14 Neb. 361, 367, 15 N. W. 711; *Hibbard v. Weil & Kahn,* 5 Neb. 41. The appraisement upon which appellants rely does not establish this fact.

On the other hand, the amount received by the sheriff at the attachment sale is competent evidence of value. *Douglass v. Hill,* 29 Kan. 527.

The controlling rule is: "There are no restrictions upon the means by which the trial court may satisfy itself that a fair price was obtained at a foreclosure sale or that a subsequent sale would not realize a greater amount. The burden is upon the appellants to show affirmatively that the judgment of the trial court is erroneous." *Occidental Bldg. & Loan Ass'n v. Beal,* 122 Neb. 40, 239 N. W. 202. See, also, *Crews v. Alberts,* 124 Neb. 671, 247 N. W. 602; *Lindberg v. Tolle,* 121 Neb. 25, 235 N. W. 670.

Neither can the objection to this sale, based upon the fact that the attached lands were sold *en masse,* in the absence of further evidence properly preserved in a bill of exceptions duly allowed, showing appellants were prejudiced thereby, secure them any relief. The rules long adopted in this jurisdiction as applied to foreclosure sales, and equally applicable here, are:

"It is within the province of the district court in a decree of foreclosure to provide for the appraisement and sale of

the premises in parcels or *en masse,* as the best interests of the parties may require.

"Where a decree of foreclosure contains no direction to the officer charged with its execution touching the appraisement and sale of the mortgaged property, he is vested with a discretion in regard to the matter which will not be disturbed, in the absence of a showing of prejudice to the party complaining.

"Nothing appearing to the contrary, it will be presumed that an officer charged with the execution of a decree was regardful of the rights of the parties to the action, and in a lawful manner performed the duties imposed upon him." *Kane v. Jonasen,* 55 Neb. 757, 76 N. W. 441. See, also, *Clark v. Birge,* 100 Neb. 769, 161 N. W. 427.

As hereinbefore suggested, these rules are equally applicable to attachment sales of real estate.

Indeed, the general rule controlling the class of cases here under consideration is: "In the absence of a bill of exceptions containing the evidence, an order made by the district court confirming sale of real estate is presumed to be correct, and supported by sufficient evidence." *Keeler v. Manwarren,* 61 Neb. 663, 85 N. W. 839. See, also, *State v. Knapp,* 8 Neb. 436, 1 N. W. 128; *Doon v. Adcock,* 127 Neb. 335, 255 N. W. 548.

It follows that the decree of confirmation entered herein by the trial court is correct, and it is

AFFIRMED.