TONY ODDO, APPELLEE, V. FRED F. SHIELDS COMPANY,
APPELLANT.

12 N. W. 2d 659

FILED JANUARY 14, 1944.   No. 31643.

*Frederick L. Wolff*, for appellant.

*Edward J. Jelen* and *Samuel P. Caniglia*, contra.

Heard before SIMMONS, C. J., PAINE, CARTER, CHAPPELL and WENKE, JJ., and POLK and NUSS, District Judges.

SIMMONS, C. J.

In this action plaintiff, a judgment debtor, sought an injunction against the enforcing of a judgment, an order vacating the judgment, and the granting of a new trial in the action where the judgment was obtained. After trial the court granted the prayer of plaintiff's petition. Defendant appeals. We reverse the decree of the trial court and dismiss the petition.

The pleadings admit that on February 29, 1932, the defendant company sued the plaintiff and others in the district court for Douglas county to recover a money judgment; that on July 6, 1935, a default judgment was entered against the plaintiff and others; and that prior to the beginning of

that action, plaintiff had instituted proceedings in bankruptcy and was discharged on December 2, 1931.

Plaintiff alleges that the claim upon which the action was based was discharged in the bankruptcy proceedings; that when the summons was served he went immediately to the office of defendant's attorneys, notified them of the discharge in bankruptcy; that in his presence an attorney made a number of telephone calls and advised him that they had confirmed the discharge in bankruptcy; that they would proceed against the other defendants; that he could forget about the matter, that a notation to that effect was placed upon the summons and left with the attorneys. Plaintiff further alleges that he relied upon "said conversation," assertions and promise and failed and neglected to enter a defense in the action; that he had a complete defense, to wit, the discharge in bankruptcy which he was prevented from asserting by the promises of the defendant's attorneys; and that he did not learn that a judgment had been entered against him until August 17, 1942. After the overruling of a demurrer defendants answered, admitting that plaintiff had neglected to plead in the prior action, pleaded the statute of limitations and denied generally save as to those allegations recited herein as admitted.

At the trial plaintiff's evidence consisted of a stipulation that he had been discharged in bankruptcy on December 2, 1931, and that the "Fred F. Shields Company, a corporation, was one of those included in said bankruptcy proceedings." He testified that when he received the summons he went to the office of the attorneys then representing the Shields company (not their representative in this action), and was directed to the man who was handling the suit. He was then asked, and was allowed over defendant's objection, to recite the conversation had with the attorney substantially as set out in his answer. He then "went home and forgot about it." He further testified that he had no knowledge of the Shields judgment until proceedings in aid of execution were had. On cross-examination he was unable to name or describe the attorney to whom he talked.

Defendant's evidence consisted of the testimony of its then attorneys specifically denying the plaintiff's testimony.

Section 7-107, Comp. St. 1929, provides: "An attorney * * * has power: * * * Second. To bind his client by his agreement in respect to any proceeding within the scope of his proper duties and powers; *but no evidence of any such agreement is receivable, except the statement of the attorney himself,* his written agreement signed and filed with the clerk, or an entry thereof upon the records of the court; * * * ." (Emphasis supplied.)

Without regard to other errors assigned, it becomes apparent that, if plaintiff's testimony of his conversation with the attorney was incompetent, the trial court erred in receiving the same when proper objection was made and plaintiff's action must fail for want of proof. It is just as apparent that the evidence was incompetent.

In *German-American Ins. Co. v. Buckstaff,* 38 Neb. 135, 56 N. W. 692, this court construing the statute said: "A client is only bound by the oral stipulations of his attorney made out of court, when the same are established by the testimony of the attorney making the same." In the syllabus the rule is stated as follows: "The only competent proof to establish an agreement made by an attorney in regard to the disposition of a cause is the evidence of the attorney himself, his written agreement signed and filed with the clerk, or an entry thereof, upon the records of the court." Here the attorneys not only do not testify that the statements were made but do positively deny any such conversations or agreements.

Plaintiff's case fails for want of competent proof to sustain the alleged promise upon which it is based.

The judgment of the district court is reversed and the cause dismissed.

REVERSED AND DISMISSED.