NILE VALLEY FEDERAL SAVINGS & LOAN ASSOCIATION, APPELLEE, V. ERNEST W. SCHANK ET AL., APPELLANTS, IMPLEADED WITH DONALD D. BASTEMEYER ET AL., APPELLEES.

115 N. W. 2d 774

Filed June 15, 1962. No. 35232.

Straight Townsend, for appellants.

Donald L. Wood, Neighbors, Danielson & Van Steenberg, and Willis A. Herman, for appellee Nile Valley Fed. Sav. & Loan Assn.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

SPENCER, J.

This is an appeal from an order overruling a motion to set aside an order of confirmation of a judicial sale in a mortgage foreclosure.

Nile Valley Federal Savings & Loan Association is plaintiff and appellee. The appellants are Ernest W. Schank and Ivah May Schank, who were the mortgagors and will be hereinafter referred to as defendants.

There is no bill of exceptions and the proceedings in the transcript start with the decree of foreclosure. The return of the sheriff indicates that the property in question was sold pursuant to the foreclosure decree on January 5, 1962. Subsequent thereto, and on the same day, an order of confirmation was entered. This order of confirmation reads in part: "* * * the court, having carefully examined the proceedings of the officer and being satisfied that the sale of said real estate was in all respects made in conformity to the process of law governing the same, and that said real estate was sold for a fair value under the circumstances and conditions of the sale, and that a subsequent sale would not realize a greater amount, the court therefore finds that said sale should be confirmed."

On January 11, 1962, or 6 days thereafter, a motion was filed by the defendants for an order setting aside the order of confirmation. Attention was directed to rule No. 18 of the rules of practice and procedure for the district court for Scotts Bluff County, Nebraska, which provided that at least 4 days must elapse after a judicial sale before confirmation. The only reason

given by the motion for the relief sought is in the fourth paragraph of the motion and is as follows: "The order of confirmation was entered so soon after the said sale and the return of sale that these defendants had no reasonable opportunity to make objections thereto, *if any they may have had.*" (Italics supplied.)

The motion was heard and overruled on January 17, 1962. There is in the transcript a copy of what purports to be rule No. 18 of the rules of the district court of the Seventeenth Judicial District of Nebraska, adopted December 30, 1958. It reads as follows: "Except by consent of parties, judicial sales shall not stand for confirmation until the fourth day after the day of sale unless otherwise ordered by the court. No motion, notice or 'first order' shall be necessary as a condition precedent to confirmation."

As stated, there is no bill of exceptions. If this rule or any other evidence was offered on the motion, it is not now before us for consideration. This court will not take judicial notice of the rules of practice of the district court. Dunn v. Bozarth, 59 Neb. 244, 80 N. W. 811.

The defendants' assignments of error are disposed of by what we said in Federal Farm Mtg. Corp. v. Hughes, 137 Neb. 820, 291 N. W. 475: " 'The rules of practice in a district court, alleged to have a material bearing on the rulings complained of, before they can enter into a determination of a question presented in this court, must be incorporated in the bill of exceptions.' Jones v. Cleary, 2 Neb. (Unof.) 541, 89 N. W. 386."

If the rule was properly before us, and if it should be considered that the court had not "otherwise ordered," there is nothing in the motion filed by the defendants which in any way suggests that the sale was not fair or that it was irregular in any way. Nor is there any allegation that another sale would realize a greater amount than the one confirmed. We note also that the defendants did not file their motion within the 4 days

but waited until after that time had expired before moving on the order of confirmation.

In the absence of a bill of exceptions, it is presumed that issues of fact presented by the pleadings are established by the evidence, that they were correctly decided, and the only issue that will be considered on appeal is the sufficiency of the pleadings to support the judgment. Schroeder v. Homestead Corp., 171 Neb. 792, 107 N. W. 2d 750. The only pleadings in the record, as suggested, start with the decree of foreclosure, and there is no contention that the pleadings are inadequate to support the order of confirmation. The order made specific findings which are undisputed in this record.

We dispose of this appeal under the general rule enumerated in Federal Farm Mtg. Corp. v. Hughes, 137 Neb. 820, 291 N. W. 475: " 'In the absence of a bill of exceptions containing the evidence, an order made by the district court confirming sale of real estate is presumed to be correct, and supported by sufficient evidence.' "

It follows that the judgment of the district court is correct, and it is affirmed.

AFFIRMED.

SIMMONS, C. J., not participating.