FRED SWARTZ, appellee, v. MEREDITH PUBLISHING COMPANY, appellant.

No. 50745.

(Reported in 117 N.W.2d 898)

NOVEMBER 13, 1962.

Duncan, Jones, Hughes, Riley & Davis, of Des Moines, for appellant.

Sutton & Nielsen, of Altoona, for appellee.

THORNTON, J.—The following from State v. Tolson, 248 Iowa 733, 734, 82 N.W.2d 105, 106, is applicable here—"It is sometimes said that error 'crept' into the trial of a lawsuit. Not so in the case at bar. It marched in like an army with banners, and trumpets."

The case was tried to the court without a jury. To dispose of this appeal only requires consideration of one matter, the use of written interrogatories without complying with rule 150, Rules of Civil Procedure, or rule 140, Rules of Civil Procedure, relating to a written stipulation.

Plaintiff, a photographer, lives in California. It is his claim that he forwarded four color transparencies to defendant publishing company with the hope defendant would purchase them, that defendant failed to return the transparencies, and is indebted to plaintiff in the sum of $400 for same. Plaintiff, however, does not allege they were of any value. Plaintiff attempted to take his own deposition and that of his secretary on written interrogatories. The only record evidence on the preparations made to take the depositions is contained in a stipulation by defendant's counsel. He stipulated that a member of the firm representing plaintiff would testify that on July 21, 1961, his office directed a letter to defendant's attorney, enclosing a copy of the interrogatories, and that the contents were as follows:

"These are the interrogatories I discussed with you on the phone sometime ago which would be my direct examination of the

plaintiff. As we had discussed, it was our idea to submit the direct and cross-examination all at one time in one complete set of interrogatories. I therefore submit to you a copy of what I will file with the Court and will hold the original and not file it until such time as you are prepared to submit your cross."

He also stipulated that the letter was signed and sent in the United States mails, postage prepaid. Defendant's attorney, as a witness, denied receipt of the letter and enclosed interrogatories. Nothing further was done in the way of a notice or written stipulation. Plaintiff took the depositions in California on November 16, 1961.

Plaintiff started to introduce the depositions in question-and-answer form. At the start defendant objected to the offer in evidence of both plaintiff's deposition and that of the secretary for the reason the same were not taken pursuant to the Iowa Rules of Civil Procedure and particularly rule 150, in that notice of the taking of the depositions was not served as provided in rule 150. This was made as a general objection which the court allowed to stand to each interrogatory as it was read. In addition, defendant made a number of specific objections as the questions were read. During the reading of plaintiff's deposition the trial court overruled the general objection in connection with specific objections at least ten times. Plaintiff contends here the objection was not ruled on. On the first occasion the court overruled the objection and stated:

"The Court reserves to you the right to work out some method of cross-examination on this deposition. Now, this seems to be what you want, isn't it, Mr. Riley?

"MR. RILEY: This isn't what I want. I am objecting to the entry of this evidence into evidence at this time."

At the start of the reading of the second deposition the court specifically overruled the general objection. At the close of the case the court renewed its offer to defendant's counsel to work out some manner of cross-examination. It took four and a half pages of the record for defense counsel to successfully evade such offer.

In its finding the trial court stated, "* * * it is stipulated that pursuant to said conversation, plaintiff's attorney wrote defendant's attorney July 21, 1962, confirming said oral under-

standing * * *," also "* * * that defendant's attorney did informally agree to the manner of taking the depositions * * *." Such finding is wholly without support in the record. All defense counsel stipulated was that a member of the firm representing plaintiff "would testify", not to the fact.

The objections to the purported depositions should have been sustained at the outset. Rule 140, Rules of Civil Procedure, provides, in pertinent part:

"Depositions shall be governed wholly by these rules, but may be differently taken in any respect if that be in accord with the written stipulation of the parties. * * *."

Rule 150, Rules of Civil Procedure, sets forth the necessary steps for taking depositions on written interrogatories. They are simple and direct and not subject to misunderstanding.

In this case plaintiff does not contend there was a written stipulation. An informal one does not fulfill the requirements of the rule, even if there had been one. No notices or interrogatories were served as contemplated by rule 150, Rules of Civil Procedure.

Without the benefit of the matters contained in the depositions plaintiff's proof is wholly insufficient. Without such evidence there is no evidence of delivery of the four color transparencies or their value.—Reversed and remanded.

All JUSTICES concur except STUART, J., who takes no part.