MONROE T. SIMMONS, SPECIAL ADMINISTRATOR OF THE
ESTATE OF ROSE WILKINS, DECEASED, APPELLANT, v. LOUIS
N. MURRAY, APPELLEE.
204 N. W. 2d 800

Filed March 2, 1973. No. 38582.

Mohummed Sadden, for appellant.

Neil R. McCluhan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH,
McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

This is an action by Monroe T. Simmons, special administrator of the estate of Rose Wilkins, deceased, for the specific performance of an oral settlement agreement which had been partially performed by the plaintiff. The trial court found that the parties had entered into the settlement agreement but because the agreement had not been reduced to writing as required by local court rule he held it to be unenforceable and rendered judgment for Louis N. Murray, defendant. We reverse.

The original action, filed September 2, 1966, was to set aside a deed given by the incompetent to defendant on December 23, 1965. The attorneys had discussed the settlement on previous occasions but when no agreement could be reached the trial court set the case for trial for September 11, 1968. On September 10, Robert G.

Scoville, plaintiff's then counsel, was invited to the law office of Norris G. Leamer, then attorney for defendant, where in the presence of the defendant and the defendant's secretary he discussed settlement with Mr. Leamer. A settlement agreement was reached and Mr. Scoville left the office to permit Mr. Leamer to discuss the proposed agreement with the defendant. When Mr. Scoville returned he was told that the settlement was accepted. The attorneys then agreed that Mr. Scoville was to call the judge and tell him that the case would not be tried as it had been settled. This Mr. Scoville did. Before the settlement agreement was actually performed, Mr. Scoville left town. During his absence, Mrs. Wilkins died. When he returned the defendant refused to proceed with the settlement.

The decision not to enforce the settlement was based on a Rule of Practice of the Eighth Judicial District of Nebraska. The rule was not introduced in evidence and is not a part of the record herein. Defendant's brief would indicate that it reads as follows: "All stipulations and private agreements of counsel or of parties to a suit, unless made in open court during trial, must be reduced to writing and signed by the parties or their attorneys making the same or they will not be enforced."

The difficulty with defendant's position herein is that the local court rule he relies on, if material, is not before us. It was not introduced in evidence nor made a part of the bill of exceptions herein. While the local court could take judicial notice of its rules of practice, that is not the situation here.

As early as 1899, this court held in Dunn v. Bozarth, 59 Neb. 244, 80 N. W. 811, that the Supreme Court "will not take judicial notice of the rules of practice of the district court."

In Federal Farm Mtg. Corp. v. Hughes (1940), 137 Neb. 820, 291 N. W. 475, we said that the rules of practice in a district court cannot enter into a determination of a question presented in the Supreme Court unless in-

corporated in a bill of exceptions, since the Supreme Court will not take judicial notice of the rules of practice of a district court. See, also, Nile Valley Fed. Sav. & Loan Assn. v. Schank (1962), 174 Neb. 35, 115 N. W. 2d 774.

The trial court specifically found that the agreement had been made. We accept that finding. The obvious inconsistency of the defendant's evidence makes that conclusion inevitable. The agreement was made in the presence of the defendant, and it must be inferred that he consented to it. In performance of the agreement, Mr. Scoville told the judge that the case had been settled and would not be tried. As early as 1881, in Boyce v. Berger, 11 Neb. 399, 9 N. W. 545, this court said: "A parol agreement of compromise which has been executed is of equal effect with one in writing." As we said in Stuart v. Torrey (1921), 106 Neb. 608, 184 N. W. 215: "The law favors and encourages settlements, and in the absence of fraud, error, or mistake, they should not be set aside."

An attorney normally has the power to make agreements regarding procedural and fact issues, and we assume the rule in question refers to such procedural agreements. The agreement herein, however, is not a procedural agreement but is one settling the litigation. The New York court, faced with an identical issue, said: "Neither was the agreement in this case required to be in writing under Rule 4 of the Rules of Civil Practice requiring stipulations to be in writing unless made in open court. That rule is applicable only to agreements relating to matters in the action and it does not apply to an agreement completely disposing of the action and of the claim upon which it is based." Langlois v. Langlois (1957), 169 N. Y. S. 2d 170, 5 App. Div. 2d 75. See, also, In re Gardiner's Estate (1953), 126 N. Y. S. 2d 121, 204 Misc. 884.

The Georgia court in a like situation, said: " '* * * The rule of court, that no consent between attorneys or

parties, if denied, will be enforced if not in writing, has no application to an oral agreement and compromise of a pending suit. The settlement of doubtful issues involved in a pending cause is a sufficient consideration to support an agreement of settlement and compromise.' " Kapiloff v. Askin Stores Inc. (1947), 202 Ga. 292, 42 S. E. 2d 724. See, also, Herndon v. Herndon (1971), 227 Ga. 781, 183 S. E. 2d 386.

The judgment is reversed and the cause remanded to the trial court with directions to enter a judgment for specific performance of the agreement.

REVERSED AND REMANDED.

NEWTON, J., dissenting.

I respectfully dissent from the majority opinion.

Section 7-107, R. R. S. 1943, provides in part: "An attorney or counselor has power: * * * (2) to bind his client by his agreement in respect to any proceeding within the scope of his proper duties and powers; but no evidence of any such agreement is receivable except the statement of the attorney himself, his written agreement signed and filed with the clerk, or an entry thereof upon the records of the court; * * *." It will be noted that a client is bound *only* when an in-court stipulation is entered into, the agreement is in writing, or the attorney verifies by his statement that he entered into an agreement which he had authority to make and thereby bound his client. Here the defendant's attorney *does not so state* but rather denies the agreement.

There is considerable Nebraska authority on the subject. In German-American Ins. Co. v. Buckstaff, 38 Neb. 135, 56 N. W. 692, it is held: "Oral agreements of attorneys, entered into out of court, to submit matters in suit to arbitration will not be enforced when objection is made thereto. The only competent proof to establish an agreement made by an attorney in regard to the disposition of a cause is the evidence of the attorney himself, his written agreement signed and filed

with the clerk, or an entry thereof upon the records of the court."

In Drake v. Ralston, 137 Neb. 72, 288 N. W. 377, it is stated: "'Written agreements of attorneys, or those entered into by them in open court, in regard to the disposition of cases, will be enforced; but oral agreements, entered into out of court, will not be recognized or considered.'" See, also, State ex rel. Nebraska State Bar Assn. v. Bachelor, 139 Neb. 253, 297 N. W. 138.

Oddo v. Fred F. Shields Co., 144 Neb. 111, 12 N. W. 2d 659, is similar to the present case in that there was a dispute as to whether an agreement had been entered into by plaintiff and the opposing attorney. The court there states: "Defendant's evidence consisted of the testimony of its then attorneys specifically denying the plaintiff's testimony.

"Section 7-107, Comp. St. 1929, provides: 'An attorney * * * has power: * * * Second. To bind his client by his agreement in respect to any proceeding within the scope of his proper duties and powers; *but no evidence of any such agreement is receivable, except the statement of the attorney himself,* his written agreement signed and filed with the clerk, or an entry thereof upon the records of the court; * * *.' (Emphasis supplied.)

"Without regard to other errors assigned, it becomes apparent that, if plaintiff's testimony of his conversation with the attorney was incompetent, the trial court erred in receiving the same when proper objection was made and plaintiff's action must fail for want of proof. It is just as apparent that the evidence was incompetent.

"In German-American Ins. Co. v. Buckstaff, 38 Neb. 135, 56 N. W. 692, this court construing the statute said: 'A client is only bound by the oral stipulations of his attorney made out of court, when the same are established by the testimony of the attorney making the same.'" See, also, Swartz v. Meredith Publishing Com-

pany, 254 Iowa 518, 117 N. W. 2d 898; Jorgensen v. Howland, 325 Mich. 440, 38 N. W. 2d 906. There are similar decisions in 25 other states.

A peculiar situation exists in this case. An attorney for plaintiff brought an action to set aside a deed. That action *is still* pending. A settlement was discussed. Plaintiff's then attorney says a settlement was arrived at and trial postponed. Defendant, and defendant's secretary, both deny that a settlement was agreed to and further deny that defendant's then attorney was ever authorized to effect a settlement. Defendant's then attorney agrees a discussion occurred with a view to settling the case but states no agreement for settlement was arrived at.

Both attorneys, the defendant, and the defendant's secretary were present at the original discussion. Plaintiff's then attorney states he left without any agreement being arrived at but later returned and was told by defendant's then attorney that suggested terms of settlement were agreeable to defendant. *The record does not disclose that the defendant was present at this time.* It therefore does not appear from this record that the alleged agreement was arrived at directly between the plaintiff's then attorney and the defendant as has been suggested. Only an alleged agreement between the attorneys is testified to. It was not entered in the records of the court, is not in writing, and is denied by defendant's then attorney. The evidence is clearly barred by the statute. We have here a situation where the defendant denies his attorney was authorized to make any settlement. His then attorney agrees with this and further denies making any settlement. All this is verified by the defendant's secretary.

This case had been pending for 2 years and trial was further postponed. The reason for the postponement is disputed. In any event, a settlement agreement has not been proved by clear and convincing evidence and

it stretches the term to hold it was proved by even a "preponderance" of the evidence.

This is the very type of situation which statutes such as ours seek to avoid. In Mogote-Northeastern Consolidated Ditch Co. v. Gallegos, 69 Colo. 221, 193 P. 670, the court stated that it could not try a question of veracity of attorneys as to their oral agreements made out of court, nor correct their misunderstandings, and that if they trusted to such uncertainties, and did not take the prescribed and certain methods of written stipulations or regular orders made upon notice or appearance, they must understand that each was relying solely upon the other, and that in case of dispute the stipulation could not be enforced.

In Farmers State Sav. Bank v. Miles, 206 Iowa 766, 221 N. W. 449, the court held that understandings arrived at from conversations between counsel could not be considered, unless reduced to writing and filed in the case, or consented to in open court, the court stated that this was a wise rule, since the time of the court should not be taken in controversial matters of this character; that the court could not sit in judgment as to the veracity of reputable affiants as attorneys in the court, and determine misunderstandings between them; and that the theory of estoppel could not find its predicate on alleged conversations affirmed on one side and expressly denied by the other.

In Manowitz v. Gaenslen (Tex. Civ. App.), 142 S. W. 963, the court stated that the rule for the government of the court required agreements to be in writing to be enforceable, that the spectacle of counsel contradicting each other as to the existence of an agreement illustrated the reason why the rule was adopted, since the court could not be called upon to determine the merits of an issue of this kind.

The law favors settlements but not disputes in regard to them between attorneys. Misunderstandings frequently occur, even between very careful practitioners.

If we are to hear and heed such disputes, settlements will be discouraged. Attorneys will be afraid to discuss settlements for fear of being misunderstood or wrongfully quoted.

I believe this judgment should be set aside as not a final determination of the cause and that the case be remanded for trial on the original petition to set aside the deed.

WHITE, C. J., and SMITH, J., concur in this dissent.