## BOSWELL *et al.* v. GILLEN.

FISH, C. J. 1. Where an agreement for the compromise of a pending cause is made by a party and his counsel on the one hand, and by the counsel of the opposite party and ratified by his client, whereby one of the parties is to do certain acts, such agreement upon performance or offer to perform according to its terms within a reasonable time, becomes binding on the parties, and puts an end to the original subject-matter of the controversy. *Parker* v. *Riley*, 21 *Ga.* 427.

2. Such an agreement need not be in writing. 8 Cyc. 513.

3. The rule of court, that no consent between attorneys or parties, if de-, nied, will be enforced if not in writing, has no application to an oral agreement and compromise of a pending suit.

4. The settlement of doubtful issues involved in a pending cause is a sufficient consideration to support an agreement of settlement and compromise. *Watkins* v. *Watkins*, 24 *Ga.* 402; *Belt* v. *Lazenby*, 126 *Ga.* 772 (56 S. E. 81).

5. Where in a claim case the plaintiff in fi. fa. and the claimant orally agree to settle the issues in the pending case, by the terms of which settlement the claimant is to pay one half of the costs, and a certain amount of money to the plaintiff, and transfer to the plaintiff a certain bond for title, upon the performance by the claimant of the conditions imposed upon him, or an offer to perform by him within a reasonable time, such agreement and settlement may be pleaded in bar of the further prosecution of the case.

6. It is not error, after the evidence has been closed, and counsel for plaintiff moves for the direction of a verdict, stating as a ground therefor that the settlement relied on by claimant was without consideration, and would not be binding, for the court in ruling on the motion to say: "Yes, it would be binding. If a man makes a settlement, he ought to be made to stick to it."

7. The court is not bound to suspend the trial of a case to enable a litigant to procure additional evidence. *Zipperer* v. *Savannah*, 128 *Ga.* 135 (57 S. E. 311).

8. An assignment of error on an excerpt from a charge, where the quoted · excerpt is only a fragment of a sentence to the effect that if the jury should find certain facts, without stating their legal effect or significance, and concluding with the word "etc.," is too indefinite to present any question for adjudication. *Holland* v. *Williams*, 126 *Ga.* 617 (2), (55 S. E. 1023).

9. A general exception to the charge of the court in its entirety is sustainable only where the whole charge is erroneous. *Reedy* v. *Brunner*, 60 *Ga.* 108.

*Judgment affirmed. All the Justices concur.*

Submitted February 10,—Decided August 15, 1908.

Claim. Before Judge Lewis. Greene superior court. June 3, 1907.

*James Davison,* for plaintiffs.

*Samuel H. Sibley,* for defendant.