38031.   ETHERIDGE *v.* QUALITY HATCHERY, INC.

TOWNSEND, Judge.   1. To the plaintiff Quality Hatchery's suit on a promissory note for the purchase price of baby chicks the defendant contended that the note was void as procured by fraud in that plaintiff and defendant had entered into a previous oral agreement for the raising of chickens differing in certain stipulations; that plaintiff's agent came to his home after the chickens were placed on his premises and stated "that the writing was merely a paper to show that the chickens placed upon defendant's premises belonged to plaintiff, so that defendant could not sell them, and was a part of their original agreement"; that the defendant is an uneducated person incapable of interpreting the legal effect of the writing tendered; that plaintiff's agent "stated she was in a hurry and gave him no time to read"; that he then signed the note relying upon her representations, which were false, made for the purpose of deceiving him, and did deceive and induce him

to sign the note. Allegations that plaintiff induced the defendant to sign a paper by stating he was in a hurry, taking the paper from the plaintiff and falsely misrepresenting the contents were held in *B. E. Robuck, Inc.* v. *Walker*, 212 *Ga.* 621 (94 S. E. 2d 696) insufficient to set out the defense of fraud in the absence of other allegations showing such fraud as to prevent the defendant from reading the contract. Accordingly, there being no such defense set out in the answer to count 1 of the petition here, the answer was insufficient to present an issuable defense. Further, the only alleged false statement made was that the paper stated that the chickens belonged to the plaintiff, and it appears that the document was in fact a retention-title instrument, and that title to the chickens did remain in the plaintiff. Thus another element of the defense of fraud, falsity of the representations, is also missing. The trial court did not err in striking the answer to count 1 of the petition as against the contention that it set out the defense of fraud in the procurement of his signature.

2. The defendant also contends that the defense of failure of consideration is alleged in that there was a prior oral agreement between the parties inconsistent with the terms of the written instrument, executed by the delivery of plaintiff's chickens to the defendant, and there was no consideration for the retention-title contract such as to constitute it a novation, for which reason the oral agreement should prevail over the written instrument. The contract is dated July 16, 1954, and recites that it is for the purchase price of 4,208 baby chicks "this day purchased." Since the defendant alleges only that the note was signed "after the chickens were placed on his premises" the delivery of the chicks and execution of the instrument appear to have taken place on the same day. The prior oral agreement on which the defendant relied is set out as follows: "[Defendant] agreed to care for and tend a flock of laying hens for plaintiff, he agreeing to furnish the chicken houses, lights, water and labor and plaintiff to furnish the chickens, feed and medical needs. It was further agreed that when said hens began to lay, all eggs except those of commercial grade would be delivered to plaintiff to be credited against the cost of the hens, feed and medical needs, and that when said hens ceased to lay they would be sold and the proceeds of sale also credited against the cost of said hens and feed. In return for his labor, chicken houses,

lights, water and delivery of hatching eggs to plaintiff, defendant was to receive any profit from said transaction. The hens and feed remained the property of plaintiff at all times." To be enforceable, the minds of the contracting parties must be in such agreement on the subject matter upon which the contract purports to operate that either party might support an action thereon. Code § 20-108; *Jones* v. *Ely*, 95 *Ga. App.* 4 (96 S. E. 2d 536); *Wells* v. *H. W. Lay & Co.*, 78 *Ga. App.* 364 (50 S. E. 2d 755). The agreement relied on by the defendant specifies no quantity of chickens as constituting the "flock of laying hens." Would he, for example, have been bound to accept a flock of 25 hens, or 25,000 hens? If the plaintiff had refused to deliver, could he have maintained an action for damages? The oral agreement is too indefinite as to subject matter to be binding on the parties. No laying hens were delivered to the defendant, and the written instrument recites the purchase of a specified number of baby chicks, which were delivered. The oral contract contemplated that certain eggs, and the proceeds of the sale of the chickens after they ceased laying, should be paid over to the plaintiff and "credited against the cost of the hens, feed and medical needs" and that any profit was to belong to the defendant. If this meant cost of chickens and feed to the plaintiff, the contract would be a mere gratuity of the plaintiff since it could not possibly gain anything; if it means cost of chickens and feed to the defendant a sale to the defendant was contemplated. Since the oral contract as alleged by the defendant is indefinite and ambiguous, and not in itself sufficient to be the basis of an action, the written instrument is not void on the ground that it is an attempt to substitute a new and different contract without any new consideration. The answer presented no defense based on this issue.

3. The combined note and retention-title contract recites that the chickens are to remain the property of the plaintiff until fully paid for, and that the proceeds of their sale shall be held in trust for the plaintiff until all indebtedness covered by the instrument is paid in full. The indebtedness, under the terms of the instrument, included the purchase price of any feed, equipment, or other advances used in raising them. The plaintiff elected to bring his action in three counts, count 1 being for $4,077.55, as the purchase price of the baby chicks only, and count 3 being for recovery of the purchase price of

the feed on an open account basis. Count 3 credited the defendant with the price of all eggs delivered and the proceeds of the sale of all chickens, leaving a balance due of $2,307.66. Since under the defendant's own contentions he was entitled to this credit against both feed and chickens, and the proper credit was allowed him against the feed, he cannot complain that the credit was not also allowed against the purchase price of the chickens sued for in count 1 of the petition.

The trial court did not err in striking the answer of the defendant to count 1 of the three-count petition.

*Judgment affirmed.   Gardner, P. J., and Carlisle, J., concur.*

DECIDED JANUARY 21, 1960.

*Allison, Pittard & Webb, Chas. C. Pittard,* for plaintiff in error.
*R. F. Duncan, Davis & Davidson,* contra.