38644. RUSSELL *et al.* v. CITY OF ATLANTA *et al.*

DECIDED FEBRUARY 21, 1961—REHEARING DENIED MARCH 16, 1961.

*Margaret Hopkins, James R. Venable,* for plaintiffs in error.

*J. C. Savage, Charles M. Lokey,* contra.

FELTON, Chief Judge. Section 45.4 of the Charter of The City of Atlanta provides: "The manager of the Municipal Auditorium shall sign all rental contracts in behalf of the city as its duly authorized agent for such purposes." Construing this provision of the city charter literally, we find it to mean that the Auditorium Manager has no authority to contract by parol; that any contract executed by him on behalf of the city must be in writing. It is contended by the plaintiff that the letter referred to in the petition is evidence of confirmation of the alleged parol contract. The manager had no authority to enter

into a parol agreement binding the City of Atlanta, and the letter shows nothing more than a *confirmation of dates* discussed in connection with the proposed use of the auditorium for the antique show. At most, therefore, it is a letter showing intention of the parties to contract and is not confirmation of a contract, as evidenced by the sentence, "As agreed, we will send you a contract to cover on or about March 1, 1959." The case of *Wells v. H. W. Lay & Co.*, 78 Ga. App. 364, 367 (50 S. E. 2d 755) controls the instant case. It was stated in that case: "'If there was in fact any essential part of the contract upon which the minds of the parties had not met, or upon which there was not an agreement, even though the negotiations evidenced a complete willingness, or even an announced determination, to agree in the future upon such issues as might subsequently arise, it must still follow that a valid and binding contract was not made as of the earlier date.' National Bank of Kentucky v. Louisville Trust Co., 67 F. 2d 97, 102. 'Unless all the terms and conditions are agreed on, and nothing is left to future negotiations, a contract to enter into a contract in the future is of no effect.' 17 C. J. S. 394. See also *Board of Drainage Commissioners v. Karr & Moore,* 157 Ga. 284 (121 S. E. 298). 'An agreement to reach an agreement is a contradiction in terms and imposes no obligation on the parties thereto.' Rosenfield v. United States Trust Co., 290 Mass. 210 (195 N. E. 323, 122 A. L. R. 1210, 1216)." The plaintiffs also contend that the fact that they tendered rent strengthens their contention that a contract was entered into. We conclude that the refusal by the manager to accept tender was tantamount to his saying, "Wait until we are ready to enter into a contract." "To be enforceable the minds of the contracting parties must be in such agreement on the subject matter upon which the contract purports to operate that either party might support an action thereon." *Etheridge v. Quality Hatchery Inc.,* 101 Ga. App. 76 (112 S. E. 2d 778). See also *Code* § 20-108. It is clear to us that the defendants in this case could not have maintaind an action based on contract against the plaintiffs under the facts alleged in the petition and conversely the plaintiffs cannot maintain an action against the defendants. Therefore, the court did not err in sus-

taining the general demurrer to the plaintiff's petition and in dismissing the case as to the codefendant.

*Judgment affirmed. Nichols and Bell, JJ., concur.*