## 26556. HERNDON v. HERNDON.

ALMAND, Chief Justice. This appeal is from a final decree granting a divorce, permanent alimony, child custody, etc. The only error enumerated is: "The trial court below erred in entering order and decree (R. 33) ordering and directing the parties to comply with an oral agreement, never executed by the parties, settling all questions of alimony, property division˙ and payment of debts."

From the record the following facts pertinent to a decision in this case appear. The suit of Mrs. Willie R. Herndon against John G. Herndon, wherein she sought a divorce, alimony, custody of two children and attorneys fees, came on for a hearing before the court in December 1970, and was postponed on the statement of counsel of both parties to enable them to discuss a settlement as to alimony, etc. The parties advised their respective counsel that they had reached an oral agreement and counsel for the defendant prepared written notes from which he prepared a written agreement for the parties to sign. A copy of the proposed contract of settlement was sent to counsel. The defendant, on December 7, advised his counsel that, "he did not see how the agreement could be concluded in fairness to him and the children," and counsel so advised the court. The court, by letter to counsel for both parties, set the case for a hearing on February 5. In this letter the trial judge said: "I have been thinking about the above case and reconstructing my recollection of what happened. As I remember the situation, after some considerable discussion between you gentlemen of the Bar and your clients, I came out into the courtroom to find out the status of the situation, and I thought it was announced to me at the time by both you gentlemen of the Bar and your clients that an agreement had finally been reached. It was also my

understanding at that time that memoranda had been written down as to the terms of the agreement. As I remember, all of you were sitting at one of the tables in the courtroom. I also believe that there was some discussion with me as to the overall terms of the agreement."

On the February 5 hearing the proposed unsigned written agreement that was prepared by defendant's counsel was presented in evidence. The defendant testified that said document accurately reflected the oral agreement, "except that he had not agreed to Item 8, relating to child custody, and that he was not sure whether or not under paragraph 3, he would be entitled to a wagon situated on the homeplace of the parties. Counsel for defendant stated that with respect to paragraph 8 of the proposed agreement, he could not recall whether or not the parties had in fact discussed the question of child custody, but that paragraph 8 simply reflected the identical provisions which the judge had made with respect to custody upon the temporary hearing. Defendant further stated that he felt he was pressured into making the verbal agreement on December 1, by virtue of statements of his wife to the effect that if the case were tried, the daughter would be brought into court to hear some things which would be embarrassing to defendant. Defendant further testified that he had suffered from emotional disturbances, and in times passed, had found it necessary to consult a Dr. Bolt in Anderson, S. C., with respect to psychiatric problems and that Dr. Bolt had caused him to be confined to the Veteran's Hospital from December, 1968 through April, 1969, in connection with these emotional problems, and that he had also suffered from such problems while serving in the Navy, having received a discharge for medical reasons connected therewith in 1960 or 1961."

The plaintiff testified, "that based on the oral agreement later to be reduced to writing that she had assumed certain obligations and made certain arrangements with reference to the feeding of the cattle as well as assumed obligations and proceeded to pay the same as set forth in the unsigned agreement."

At the conclusion of the hearing the court stated it would enter an order requiring both parties to comply with the written un-

signed agreement of the parties respecting permanent alimony, etc.

Thereafter, the court signed a final decree granting a total divorce in which the court stated: "It appearing from the evidence that on December 1, 1970, the parties met at the courthouse in Elberton and conducted negotiations looking toward a settlement at which time counsel for the parties, although not present at all times, did appear and participate at various times during the morning; that following these negotiations the parties reported to the court sometime around noon that an agreement as to alimony, support and property division had been reached, and that a written agreement evidencing the oral agreement would be prepared and signed by the parties, and that thereupon the court heard evidence on the question of divorce; and it appearing to the court from evidence adduced at the hearing on February 5, 1971, that based on the oral agreement, plaintiff assumed certain obligations and made certain arrangements with reference to the feeding of the cattle as well as assumed obligations and proceeded to pay the same as set forth in the unsigned agreement; the court finds, orders and adjudges that the contract and agreement attached hereto as 'Exhibit A,' prepared by counsel for defendant but never executed by the parties, is hereby made the judgment of this court, and the parties, their agents and representatives are hereby mandatorily enjoined and directed to comply with all of the terms thereof."

The appellant contends that the court erred in ordering the parties to comply with an oral agreement settling all questions of alimony, property division, and payment of debts, because (a) the case is one for divorce, (b) the parties contemplated that a written agreement would be prepared, approved and signed by both parties before it would be binding, (c) the defendant was laboring under emotional and mental difficulties when the oral agreement was made, and (d) the contract involved an interest in land and was within the statute of frauds, which required it to be in writing.

The parties to a pending lawsuit may by oral agreement compromise and settle the same, which will bind them although not

reduced to writing. *Boswell v. Gillen,* 131 Ga. 310 (62 SE 187). The termination of family controversies affords sufficient consideration for a compromise and settlement though it be oral. *Fulford v. Fulford,* 225 Ga. 9 (3) (165 SE2d 848).

Where parties to a case pending in court enter into a definite, certain and unambiguous oral settlement agreement, compromising the issues, and there being no denial of this agreement, it is the duty of the court to make the agreement the judgment of the court and thereby terminate the litigation. *Kapiloff v. Askin Stores, Inc.,* 202 Ga. 292 (42 SE2d 724).

In the case at bar the parties reported to their counsel that they had agreed to a settlement of all issues, except as to divorce, in the pending case. Counsel for the defendant puts from his notes, the oral settlement in writing and sends a copy to counsel for the plaintiff. On the hearing the defendant testified that the written agreement reflected accurately the oral agreement except as to Item 8 relating to child custody. Counsel for the defendant stated to the court that Item 8 of the proposed agreement reflected the identical provisions the court had made with respect to custody upon the temporary hearing. It also appears that the plaintiff in reliance on the oral settlement had assumed certain obligations.

Under the facts and circumstances of this case the court did not err in making the unsigned settlement contract a part of the court's decree, since such contract reflected what the parties had orally agreed to.

The fact that it was made in a divorce case would not vary it from the rule applicable in other civil action.

For no reason assigned did the court err in making the unsigned contract a part of the decree and ordering the parties to comply with its terms.

*Judgment affirmed. All the Justices concur, except Felton, J., who dissents.*

SUBMITTED JUNE 14, 1971—DECIDED JULY 9, 1971.

*Heard & Leverett, E. Freeman Leverett,* for appellant.
*Grant & Matthews, Carlton G. Matthews,* for appellee.

FELTON, Justice, dissenting. Before the contract was signed, as

per the agreement between the parties, defendant notified his counsel that he had concluded that the agreement was not fair to him or the children and that he would not sign and these facts were reported to the court. The contract intended by the parties was never signed. The agreement in this case was not an oral agreement to compromise and settle a law suit because no oral settlement was agreed to. An agreement to settle a divorce case as to all questions is against public policy. The law requires that *the* contract, intended to be binding by the parties, be executed before it is binding. The agreement here was equivalent to an agreement to agree and it is void for indefiniteness. *Russell v. City of Atlanta,* 103 Ga. App. 365 (119 SE2d 143). The case would be different if the parties had simply reached an oral agreement. Furthermore, the contract here involved an interest in lands and was not to be performed within a year. It is within the statute of frauds. *Code* § 20-401 (4) and (5). Appellee was not justified in assuming some obligations in reliance upon the oral understanding, since a written contract was intended to be the only binding obligation. In addition, the evidence as to what she has done in reliance upon the oral understanding is not clear and it does not show that it should take the transaction out of the statute of frauds and authorize specific performance. The most objectionable phase of the court's rulings is that they make another unwarranted exception to the law which prevents the substitution of an oral agreement for a definite, written contract by which the parties agreed to be bound exclusively.