### 29459. HALL v. GILLHAM et al.

HALL, Justice.

This is an appeal from a judgment denying former husband's petition to enjoin former wife's garnishment proceeding against him. The parties divorced in 1947. In March 1973, wife obtained a writ of execution against husband for $10,130 in past due child support and alimony, in arrears for more than seven years. Wife instituted garnishment proceedings and the garnishee paid $1,650 into court, which sum was condemned by wife in August 1973. Another garnishment was brought in December 1973 and $1,182 was paid into the State Court of DeKalb County. Husband filed defensive pleadings to the suit and by agreement of counsel the matter was continued pending negotiations between the parties. During this period, and with knowledge that the case of *Bryant v. Bryant,* 232 Ga. 160 (205 SE2d 223), was then pending in this court, presenting the question whether

the statute of limitation ran against an alimony judgment, husband through his attorney offered the sum of $3,918 plus the funds then on deposit in the court in settlement of the dispute. The offer was made by mail and was received by wife's attorney who then informed husband's attorney of her acceptance. It was agreed that husband's attorney would draw a consent order to be filed in the state court which would terminate the litigation, and that wife's attorney would draw up a written document setting forth the terms of the agreement. Wife's attorney prepared the document and so informed husband's attorney who asked that it be executed and mailed to him whereupon he would obtain husband's signature and return all documents to wife's attorney for filing. Pursuant to this arrangement the document was signed by both parties but before it was returned to wife's attorney the case of *Bryant v. Bryant,* supra, was decided by this court, holding that alimony judgments were subject to any applicable statute of limitation. Husband's attorney refused to mail the consent order or the signed document on the ground that the proposals were withdrawn. Husband then filed a suit in equity to enjoin the garnishment proceedings and to recover the $1,660 which had been condemned. The trial court found the agreement to be valid and binding and dismissed the complaint.

Husband contends that the agreement never became binding because (1) no control was relinquished over the instrument by him, (2) delivery was contemplated and never made, (3) the parties intended approval by state court and this was not done, (4) there was no communication of acceptance and (5) the consideration was founded on a mistake of law and the contract is therefore unenforceable. We disagree. Parties to a pending lawsuit may by an oral agreement through their respective counsel compromise and settle the matter; the settlement of a doubtful issue — here, the impact of the pending *Bryant* decision upon husband's potential liability — is sufficient consideration. *Herndon v. Herndon,* 227 Ga. 781 (183 SE2d 386); *Fulford v. Fulford,* 225 Ga. 9 (3) (165 SE2d 848); *Kapiloff v. Askin Stores,* 202 Ga. 292 (42 SE2d 724); *Boswell v. Gillen,* 131 Ga. 310 (62

SE 187). Under the facts and circumstances of this case the trial court did not err in holding the agreement valid and binding.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 17, 1975 — DECIDED FEBRUARY 25, 1975.

*Cotton, Katz & White, Richard A. Katz,* for appellant.
*McCord, Cooper & Voyles, William H. Cooper, Jr., Wayne H. Fore,* for appellees.