54877. GREENE v. COLONIAL STORES, INC.

QUILLIAN, Presiding Judge.
Plaintiff Greene brought an action in Fulton County against Colonial Stores alleging malicious prosecution. When the action came on for a pre-trial hearing the parties discussed settlement possibilities. Offers and

counter-offers were exchanged. Plaintiff Greene testified that he agreed to accept $5,000 and a pending action against him by Colonial Stores in Clayton County would be dismissed. Contrary to this, plaintiff's counsel stated that Mr. Greene authorized him to settle the action for $5,000 and the action in Clayton County would remain pending. Counsel for defendant testified that he accepted the oral offer submitted by plaintiff's counsel and Colonial Stores agreed to the settlement.

The oral agreement between the lawyers for the parties was reduced to writing by defendant's counsel and submitted to plaintiff. The cover letter for the agreement and check for $5,000 stated that it was "tendered conditionally, the condition being the proper execution and return of the enclosed closing papers." The attached "General Release of All Claims," was prepared for the signature of the plaintiff *and* his wife. Plaintiff refused to sign the agreement and the papers were returned to the defendant when plaintiff's counsel withdrew from the case.

Defendant filed a motion for enforcement of settlement agreement. By consent, the case was tried before the judge and he gave judgment for defendant and enforced the settlement agreement. Plaintiff appeals. *Held:*

1. Although this action involves a demand for specific performance of an oral contract, the Supreme Court has transferred it to this court for decision.

2. "Parties to a pending lawsuit may by an oral agreement through their respective counsel compromise and settle the matter." *Hall v. Gillham,* 233 Ga. 822, 823 (213 SE2d 681). Counsel for both parties in the instant case were certain and unequivocal that the settlement terms agreed to by them and their clients orally were for $5,000 and the suit pending in Clayton County between the same parties would remain to be litigated. Plaintiff testified that the action was to be dismissed in Clayton County and his wife was never before mentioned in the negotiations.

The trial court resolved the issue against the plaintiff and found that he had impeached his testimony by a prior written statement introduced in evidence,

which stated: "Although, I had previously informed you of my acceptance of this settlement offer . . . I specifically direct you to return that draft to their attorneys. . ." Plaintiff then employed another lawyer.

The court found that both parties and their counsel orally agreed to a settlement of $5,000 and the pending suit in Clayton County would remain. The written agreement submitted by defendant added a new party to the action that had never been discussed before. Would this modification abrogate the previous oral agreement? We find that it did not. In *Kapiloff v. Askin Stores,* 202 Ga. 292 (42 SE2d 724), counsel and the parties to the action reached an agreement compromising the litigation but "on Friday after the agreement was made on Monday, Mr. Stone [attorney for the defendant] called me and said that his client had backed out and wouldn't go through with the settlement." 202 Ga. 295. The court held: " 'We know of no rule of law which places it in the power of either party to a compromise, to disregard it, if it was full and final between the parties, as to the subject-matter of the controversy.' " 202 Ga. 296. Again, in *Hall v. Gillham,* 233 Ga. 822, supra, where the litigation compromise was placed in writing and signed but the attorney for one party refused to deliver the agreement, the court held that the "trial court did not err in holding the agreement valid and binding." 233 Ga. 824.

The findings of the court in the instant case stated that Mrs. Greene was not a party to this action and the negotiated settlement did not include her. He held that the court had no jurisdiction over her and limited the court's decision to enforcement of the oral settlement agreement reached by both parties and their counsel. We find that Mrs. Greene's rights have not been impaired or affected by this settlement agreement.

Findings of fact by the court will not be set aside by an appellate court unless "clearly erroneous." CPA § 52; Code Ann. § 81A-152 (Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171). The court's findings of fact are supported by the evidence of record. His findings of law are not "clearly erroneous." See *Kapiloff v. Askin Stores,* 202 Ga. 292, 296, supra. The oral agreement was legally enforceable. *Fulford v. Fulford,* 225 Ga. 9, 17 (165 SE2d 848).

3. This is the second appearance of this case before us. In *Greene v. Colonial Stores,* 141 Ga. App. 35 (232 SE2d 381), we returned this case for "appropriate findings of fact and conclusions of law." After making his findings and conclusions, the court taxed defendant with "costs incurred in the Superior Court." Plaintiff contends the court's order was in error as it should have included "costs incurred and expended in the previous appeal." We do not agree. Georgia Code § 6-1704 provides, "[i]f there is a judgment of reversal, the plaintiff in error shall be entitled to a judgment for the amount of such costs. . ." The previous appeal did not result in a reversal. The case was returned only for appropriate findings and conclusions. We find no error in the failure of the trial court to tax costs of the former appeal to the defendant.

*Judgment affirmed. Shulman and Banke, JJ., concur.*

ARGUED NOVEMBER 9, 1977 — DECIDED JANUARY 30, 1978.

*B. L. Spruell,* for appellant.
*Greene, Buckley, DeRieux & Jones, Harold S. White, Jr., Alfred B. Adams, II,* for appellee.