## 56645. CROSS v. COOK et al.

DEEN, Presiding Judge.

1. "The parties to a pending lawsuit may by oral agreement compromise and settle the same, which will bind them although not reduced to writing. *Boswell v. Gillen,* 131 Ga. 310 (62 SE 187)." *Herndon v. Herndon,* 227 Ga. 781, 783 (183 SE2d 386) (1971). For such an agreement to be binding on the parties it should be clear that it is full and complete, covers all issues, and is understood by all litigants concerned. "A compromise, when made full and complete, puts an end to the subject matter of controversy." *Parker v. Riley,* 21 Ga. 427 (1857), and see *Kapiloff v. Askin Stores, Inc.,* 202 Ga. 292 (42 SE2d 724) (1947).

2. An oral compromise, where denied by one of the parties, creates an issue of fact, and it will not be adopted by the court unless it appears that the terms were understood and agreed to by those concerned. Here defendant's counsel proposed and plaintiffs' counsel accepted that the sum of $5,500 be paid to the plaintiffs. While these facts are not denied, it is the contention of plaintiffs' attorney as stated in the motion to reset the case on the trial calendar that all parties understood, when the offer of $5,500 was made, that this was in addition to approximately $4,200 which it was understood the defendant's insurer would pay direct to the plaintiffs rather than to plaintiffs' insurer on the latter's subrogation claim, but the plaintiffs were later informed the claim would have to be made direct with the defendant's insurance company. Apparently this was discussed before the judge, since his order states that the matter "having come on for hearing . . . based upon the record, argument and statements of counsel presented, the Court concludes that as a matter of fact and a matter of law the settlement agreement sought to be enforced by Defendant in this matter resulted from a mistake in fact and a mistake in law and that the same should not be enforced. The Court finds further that under the facts of this case, it would be unjust and inequitable to enforce said agreement." Apparently also facts were presented to the trial court on which this decision was made. The

burden is upon the movant to show on appeal that the findings of fact are clearly erroneous. *Michael v. McAdams,* 240 Ga. 65 (239 SE2d 518) (1977). This, however, cannot be done where there is no transcript of the hearing. *Milam v. Milam,* 240 Ga. 33 (239 SE2d 361) (1977).

3. Further, it is obvious that the court in entering the order considered the statements of counsel as to what effect they understood the positions of the insurers to have. The appellant's position that this was error is unsound. Attorneys are officers of the court and their statements in their place, if not objected to, serve the same function as evidence. *Morris v. State,* 228 Ga. 39 (11) (184 SE2d 82) (1971); *Allen v. State,* 137 Ga. App. 755, 757 (6) (224 SE2d 834) (1976). The appellant has not negated the court's statement in the order that the compromise settlement was based on a mistake of fact that it would therefore be inequitable to enforce it.

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED OCTOBER 3, 1978 — DECIDED OCTOBER 23, 1978.

*Sartain & Carey, Jack M. Carey,* for appellant.
*Smith & Weaver, Rees R. Smith,* for appellees.