## 34895. SIMMONS v. GARNER.

BOWLES, Justice.

The parties to this action, hereinafter mother and father, were divorced in 1970. Mother was granted custody of the parties' two children and father was ordered to pay $125 per month per child as child support. In February, 1978, a child support modification was entered by the superior court based on a consent agreement between the parties. The plain language of the agreement shows that father consented to an increase in child support in consideration of "settling questions of past, present, and future child support payments relative to the minor children of the parties."

In July, 1978, by ex parte affidavit, mother obtained a fi. fa. for child support payments allegedly past due from the original divorce decree. Father filed a Motion to Vacate Writ of Fieri Facias/Motion for Injunctive Relief. He subsequently filed a Motion for Summary Judgment which the trial court granted after a hearing.

We affirm.

The trial court held that the modification agreement entered into by the parties, approved by the court, and made the judgment of the court, was a settlement and abolition of any existing questions of past or present child support payments due as of the date of the agreement,

February, 1978.[1] As stated above, that is the plain meaning of the language used in the agreement. This does not amount to a waiver of child support by the mother which, of course, would be void. See *Livsey v. Livsey,* 229 Ga. 368 (191 SE2d 859) (1972). Rather it is to be construed as a settlement of a disputed claim for back payments or as an increase in child support for the purpose of catching up back payments.

Since the agreement for child support payments in the original decree was superseded by the modification agreement and court order, the latter controls all issues to that time of installment child support payments.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 4, 1979 — DECIDED MAY 31, 1979.

*Zachary & Segraves, Finn Duerr,* for appellant. *Jack T. Elrod,* for appellee.

[1]Of course, the parties could not unalterably settle the question of future child support payments. *Livsey v. Livsey,* 229 Ga. 368 (191 SE2d 859) (1972).