## 36532. COCHRAN v. POOLE.

NICHOLS, Justice.

The appellant and appellee were formerly wife and husband. They were divorced in 1967 and the father was ordered to pay child support for their two children. The appellant has been married and divorced four times since her divorce from Poole and has lived in various cities and states. In 1978 appellant filed a fi. fa. and garnishment action alleging Poole to be in arrears some

$13,000.00 on child support payments.

Poole then filed the present action alleging that most of the time after his divorce he did not know where to send the support payments, but that between marriages appellant would surface and demand payment of the arrearages, which he paid; that in September, 1972, an attorney representing appellant and her husband at the time contacted him offering to release him from any arrearages for the execution of a consent to adopt, which he executed and returned to the attorney; and that he had not heard anything thereafter until the present garnishment action was filed and was never notified that the adoption did not take place. Poole paid appellant $1,000.00 and began making regular payments when the garnishment action and the present complaint were filed.

The parties then entered into an agreement through their attorneys to settle the arrearage for $3,500.00, increase the future payments from $50.00 bi-weekly to $75.00 and give visitation rights to the father. The trial court made the agreement the judgment of the court, and the mother appeals.

1. Appellant contends the trial court erred in making the settlement agreement entered into by the parties the judgment of the court and in ordering the garnishment proceedings dismissed.

In *Hall v. Gillham,* 233 Ga. 822, 823 (213 SE2d 681) (1975), a case on all fours with the present case, this court held: "Parties to a pending lawsuit may by an oral agreement through their respective counsel compromise and settle the matter; the settlement of a doubtful issue . . . is sufficient consideration. [Cits.]" And see *Davis v. Davis,* 245 Ga. 233 (264 SE2d 177) (1980), as to the authority of counsel to bind their clients in any action or proceeding by any agreement in relation to the cause. The appellant also argues that the agreement is contrary to the holding in *Livsey v. Livsey,* 229 Ga. 368 (191 SE2d 859). The *Livsey* case does not hold that the parties cannot settle the present obligation for child support, but that the custodial parent cannot contract away the right to future modification of the support obligation of the responsible parent. See *McLean v. McLean,* 242 Ga. 71 (247 SE2d 867) (1978) and *Simmons v. Garner,* 243 Ga. 735 (256 SE2d 464) (1979). The trial court did not err in making the agreement of the parties the judgment of the court.

2. The remaining enumerations of error are without merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED AUGUST 1, 1980 — DECIDED OCTOBER 22, 1980.

*Paul C. Myers,* for appellant.

*George M. Rountree, Emma Belle Farmer,* for appellee.