JOURNAL ENTRY and OPINION
{¶ 1} Appellant Walter Bethke appeals pro se the trial court's order affirming an oral settlement agreement between him and appellees. He assigns four errors for our review.[1]
 {¶ 2} Having reviewed the record and pertinent law, we affirm the decision of the trial court.
 {¶ 3} The record reveals the history of the instant appeal stems from three suits that arose out of an alleged dog bite incident, which occurred on November 5, 1997. The apposite facts follow.
 {¶ 4} On November 5, 1999, Bethke, pro se, filed suit against John F. Ullrich, Linda L. Ullrich, Airport Mini Storage, the Ullrich Family Limited Partnership and eight other defendants in Case No. 395828. Bethke alleged that on November 5, 1997, while a business invitee of Airport Mini Storage, the owners' dog bit him, and as a result of the dog bite, he sustained physical injuries. Further, because the rabies status of the dog remained unknown, he claimed to have sustained psychiatric and psychological injuries, including severe post traumatic stress disorder. On September 6, 2000, Bethke voluntarily dismissed the case without prejudice.
 {¶ 5} On September 4, 2001, again proceeding pro se, Bethke re-filed the action against Jonathan and Kim Ullrich and nine other defendants in Case No. 447865. In this case, the court granted summary judgment to nine of the defendants. Bethke did not appeal any of the trial court's orders.
 {¶ 6} On September 3, 2003, Bethke re-filed the action against Jonathan and Kim Ullrich and four other defendants who had been dismissed by summary judgment in the previous case. In this case, the court dismissed the four others on February 2, 2004. At a case management conference on December 19, 2003, the trial court ordered Bethke to produce all expert reports by April 5, 2004, and informed the parties that trial was scheduled for August 4, 2004.
 {¶ 7} On April 8, 2004, Bethke motioned the court for an extension of time to provide the expert reports. The trial court granted the extension to May 8, 2004. On July 28, 2004, Bethke requested another extension of time to provide the expert reports, and also moved for a continuance of the trial, which the trial court denied.
 {¶ 8} On the day of trial, Bethke appeared with motions to continue the trial and to change counsel. However, Jonathan and Kim Ullrich explained that an oral agreement had been reached to settle the case for $5,000, and urged the trial court to enforce the agreement. Bethke's counsel explained that he initiated settlement discussions with Jonathan and Kim Ullrich, and they did reach a settlement which he thought was fair. After the agreement was reached, Bethke's counsel telephoned Bethke at least five times and left voice mail messages, but received no response.
 {¶ 9} Ultimately, the trial court ordered the enforcement of the settlement agreement and dismissed the case. Bethke now appeals.
 ENFORCEMENT OF AGREEMENT {¶ 10} We address Bethke's four assigned errors together because they all address the propriety of enforcing the settlement agreement. Bethke essentially argues the trial court erred in enforcing a settlement agreement, which he did not approve. We disagree.
 {¶ 11} We review a trial court's decision to grant or deny enforcement of a settlement agreement under an abuse of discretion standard.[2] The term discretion itself involves the idea of choice, of an exercise of will, of a determination made between competing considerations. In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias.[3]
 {¶ 12} It is axiomatic that a settlement agreement is a contract designed to terminate a claim by preventing or ending litigation and that such agreements are valid and enforceable by either party.[4] A release, or compromise agreement, is a particular kind of contract, and, like other contracts, requires a definite offer and an acceptance thereof.[5]
 {¶ 13} The elements of a contract are offer and acceptance supported by valid consideration.[6] In order to have a valid release, there must be a meeting of the parties' minds.[7] Whether a meeting of the minds has occurred is a question of fact to be determined from all the relevant facts and circumstances.[8] Thus, in order to declare the existence of a contract, both parties to the contract must consent to its terms, there must be a meeting of the minds of both parties, and the contract must be definite and certain.[9] Moreover, a settlement agreement requires no more formality and no greater particularity than that required by law for the formation of a binding contract.[10]
 {¶ 14} In the case sub judice, the record reveals the parties entered into an oral agreement to settle a case that had gone through three separate filings and spanned almost eight years. The law is clear that where the parties to a case pending in court enter into a definite oral settlement agreement, compromising the issues, and there being no denial of this agreement, it is the duty of the court to make the agreement the judgment of the court and thereby terminate the litigation.[11]
 {¶ 15} Though we acknowledge Bethke's post-settlement opposition to the agreement reached on his behalf, the law is also clear that one party to a settlement agreement cannot subsequently unilaterally reject the agreement, and a court has a duty to enforce the agreement as agreed to by the parties.[12] To permit a party to unilaterally repudiate a settlement agreement would render the entire settlement proceedings a nullity, even though the agreement is of binding force.[13]
 {¶ 16} We agree with the trial court's conclusion that a settlement agreement was reached between the parties. At the hearing, counsel for the Ullrichs' stated the following:
"Plaintiff's counsel called me, and made a demand of $5,000 to settle the case. We reached an agreement to settle the case for $5,000. I spoke with my clients' representative, ordered the check, and prepared a release, a dismissal entry by the Court, and also in anticipation that there might be an issue, because of all the previous motion practice, etcetera, I prepared a motion to enforce settlement, which I am prepared to file today, and provide a copy to the Court.[14]
 {¶ 17} The above excerpt contains definite, material terms of settlement and also evinces mutual assent. In addition, the necessary documents, including the release was completed and the settlement check was prepared. On the above record, we conclude that the trial court did not err in enforcing the settlement agreement. Accordingly, we overrule Bethke's four assigned errors.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J., and McMonagle, J., concur.
 APPENDIX Assignments of Error
 "I. The trial court erred by prejudicially not allowing the disabledvictim/plaintiff to be represented in any manner at the 8/4/04 hearingafter plaintiff fired Atty. Miller by service of motion filed prior to8/4/04 hearing; the trial court did not allow plaintiff to get newcounsel, or a continuance to get new representation; and the trial courtdid not allow plaintiff to speak, or represent himself at the 8/4/04,(P6, L24; P7, L4) per ORC-CPR Ethics 5-7, U.S. Constitution Amendment XIV,ADA-Title II."
 "II. The trial court erred prejudicially by silencing the unrepresenteddisabled victim/plaintiff's objections and protests to the allegedsettlement at the 8/4/04 hearing, and silencing the 8/4/04 filedemergency, continuance, and relief motions from being heard andintroduced into the hearing record. (P1, L16; P6, L18-23) per Civ.R60(B)(1)(5), Civ.R. 61, ORC-CPR Ethics 5-7, U.S. Constitution AmendmentXIV, ADA-Title II."
 "III. The trial court erred by knowingly approving a conspiredfraudulent settlement prejudicial against a disabled victim/plaintiff,contrary to plaintiff's instructions, without plaintiff's authorization,and despite plaintiff's objections, protests, claims of fraud, andconflict of interest (P4, L15, 24; P6, L10, 17; P7, L17, 20) perU.S. Constitution Amendment XIV, ADA-Title II."
 "IV. The trial court erred prejudicially by failing to hold anevidentiary hearing prior to approving the alleged settlement anddismissal of the case despite the disabled victim/plaintiff'sobjections, protests, and claims of fraud, and conflict of interest (P6,L10, 17) per U.S. Constitution Amendment XIV, ADA-Title II."
[1] See Appendix.
[2]See Rulli v. Fan Co. (1997) 79 Ohio St.3d 374.
[3] Nakoff v. Fairview General Hospital (1996), 75 Ohio St.3d 254,256-257.
[4] Continental v. Ferguson (1996), 74 Ohio St.3d 501, 502; Spercel v.Sterling Industries (1972), 31 Ohio St.2d 36, 38; Bauer v. Bauer (Apr. 2, 1981), Cuyahoga App. No. 42805.
[5] Noroski v. Fallet (1982), 2 Ohio St.3d 77, 79.
[6] Gruenspan v. Seitz (1997), 124 Ohio App.3d 197, 211.
[7] Rulli v. Fan Co. (1997) 79 Ohio St.3d 374, 376.
[8] Garrison v. Daytonian Hotel (1995), 105 Ohio App.3d 322, 325.
[9] Episcopal Retirement Homes, Inc. v. Ohio Dept. of Indus. Relations
(1991), 61 Ohio St.3d 366, 369.
[10] Beechwood Villa Apartments v. Nord Bitumi U.S., Inc., (April 23, 1990), 12th Dist. No. CA89-08-073.
[11] Spercel v. Sterling Industries (1972), 31 Ohio St.2d 36, 39, certiorari denied (1973) 411 U.S. 917, 93 S. Ct. 1550, 36 L. Ed.2d 309, quoting Herndon v. Herndon (1971), 227 Ga. 781, 183 S.E.2d 386, 388.
[12] Cummins Diesel Michigan, Inc., v. The Falcon (1962), 305 F.2d 721,723.
[13] Kostrevski v. Kostrevski (July 1, 1993), 10th Dist. Nos. 92AP-1587, 92AP-1591, 92AP-1662.
[14] Tr. at 4-5.